1  KEITH R. VERGES (kverges@figdav.com)
   PARKER D. YOUNG (parker.young@figdav.com)
2  RAYMOND E. WALKER (ray.walker@figdav.com)
   FIGARI & DAVENPORT, L.L.P.
3  901 Main Street, Suite 3400
   Dallas, Texas 75202
4  Tel: (214) 939-2000
   Fax: (214) 939-2090
5  (*Admitted Pro Hac Vice*)
6
7  SHAWN T. LEUTHOLD
   (leuthold@aol.com)
8  LAW OFFICE OF SHAWN T. LEUTHOLD
   1671 The Alameda #303
9  San Jose, California 95126
   Tel: (408) 924-0132
10 Fax: (408) 924-0134
11
   ATTORNEYS FOR PLAINTIFF
12 TASHA KEIRSEY
13          IN THE UNITED STATES DISTRICT COURT
14            NORTHERN DISTRICT OF CALIFORNIA
                 SAN FRANCISCO DIVISION
15
16 TASHA KEIRSEY, Individually and on      )   CASE NO. 3:12-CV-1200 (JST)
   behalf of all others similarly situated, )
17                                          )   JOINT NOTICE OF MOTION AND MOTION FOR
          Plaintiff,                        )   ORDER (1) CONDITIONALLY CERTIFYING A
18                                          )   SETTLEMENT CLASS AND RELATED
                                            )   SETTLEMENT; (2) AUTHORIZING
19                                          )   DISTRIBUTION OF NOTICE OF SETTLEMENT;
                                            )   AND (3) SETTING A SCHEDULING FOR THE
20 v.                                       )   FINAL APPROVAL PROCESS; MEMORANDUM
                                            )   OF POINTS AND AUTHORITIES
21                                          )
                                            )   Date:       October 9, 2013
22                                          )   Time:       2:00 p.m.
                                            )   Judge:      Honorable Jon S. Tigar
23 EBAY INC.,                               )   Courtroom:  9, 19th Floor
                                            )   Trial Date: Not yet set
24        Defendant.                        )
                                            )   JURY TRIAL DEMANDED
25                                          )
26
27
28

# TABLE OF CONTENTS

PAGE(S)

I. STATEMENT OF ISSUES TO BE DECIDED ............................................................2

II. BACKGROUND ....................................................................................................2

    A. Summary of Plaintiff's Claims ....................................................................2

    B. Summary of eBay's Defenses ......................................................................3

    C. eBay's Motion to Dismiss ............................................................................3

    D. Class Certification ........................................................................................3

III. THE SETTLEMENT AGREEMENT ......................................................................4

IV. ARGUMENT ........................................................................................................8

    A. The Court Should Certify a Settlement Class ..............................................8

        1. Numerosity ........................................................................................10

        2. Commonality and Predominance ......................................................10

        3. Typicality ..........................................................................................11

        4. Adequacy ..........................................................................................12

        5. Superiority ........................................................................................13

    B. The Court Should Grant Preliminary Approval of the Proposed
        Settlement. ....................................................................................................13

        1. Standard for Preliminary Approval of Settlement. ...........................13

        2. The Proposed Settlement is Within the Range of Possible
            Approval ...........................................................................................15

            a. Class Certification Risks ............................................................16

    C. The Proposed Settlement Notice Should Be Approved and Its
        Dissemination Authorized ............................................................................18

    D. The Court Should Schedule a Fairness Hearing and Approve
        the Proposed Preliminary Approval Order ..................................................20

V. CONCLUSION ......................................................................................................22

i

1

## **TABLE OF AUTHORITIES**

2

3

**CASES**                                                                                          **PAGE(S)**

4   *Abels v. JBC Legal Group, PC,*
       227 F.R.D. 541 (N.D. Cal. 2005) ......................................................................... 11

5

6   *Alberto v. GMRI, Inc.,*
       252 F.R.D. 652 (E.D. Cal. 2008) ......................................................................... 14

7   *Amchem Prods., Inc. v. Windsor,*
       521 U.S. 591 (1997) ............................................................................................ 11

8

9   *Arnold v. United Artists Theater, Inc.,*
       158 F.R.D. 439 (N.D. Cal. 1994) ......................................................................... 12

10

11  *Avritt v. Reliastar Life Ins. Co.,*
       615 F.3d 1023 (8th Cir. 2010) ............................................................................. 16

12  *Blake v. Arnett,*
       663 F.2d 906 (9th Cir. 1981) ................................................................................. 9

13

14  *Breeden v. Benchmark Lending Group, Inc.,*
       229 F.R.D. 623 (N.D. Cal. 2005) .................................................................. 10, 11

15

16  *Browning v. Yahoo! Inc.,*
       No. C04-01463 HRL, 2007 U.S. Dist. LEXIS 86266
          (N.D. Cal. Nov. 16, 2007) ................................................................................. 20

17

18  *Class Plaintiffs v. City of Seattle,*
       955 F.2d 1268 (9th Cir. 1992) .................................................................. 9, 13, 14

19

20  *Colesberry v. Ruiz Food Products, Inc.,*
       No. CV F 04-5516, 2006 U.S. Dist. LEXIS 45024
          (E.D. Cal. May 17, 2006) .................................................................................. 19

21

22  *Comcast Corp. v. Behrend,*
       133 S.Ct. 1426 (2013) ......................................................................................... 17

23

24  *Cotton v. Hinton,*
       559 F.2d 1326 (5th Cir. 1977) ............................................................................. 15

25  *Crown Cork & Seal Co. v. Parker,*
       462 U.S. 345 (1983) .............................................................................................. 3

26

27  *Deposit Guar. Nat'l Bank v. Roper,*
       445 U.S. 326 (1980) .............................................................................................. 3

28

ii

*Dukes v. Wal-Mart, Inc.*,
   509 F.3d 1168 (9th Cir. 2007) ...................................................................................9

*Hanlon v. Chrysler Corp.*,
   150 F.3d 1011 (9th Cir. 1988) ...............................................................10, 11, 12

*Holtz v. Lennox Hearth Prods., Inc.*,
   No. C 08-00836 CW, 2010 U.S. Dist. LEXIS 14553
   (N.D. Cal. Feb. 16, 2010)..........................................................................10

*In re Coordinated Pretrial Proceedings in Petroleum Prods. Antitrust Litig.*,
   691 F.2d 1335 (9th Cir. 1982) ...................................................................................9

*In re Infineon Techs. AG Sec. Litig.*,
   No. C-04-04156JW, 2009 U.S. Dist. LEXIS 103385
   (N.D. Cal. March 6, 2009) ..........................................................................10

*In re Juniper Networks, Inc. Sec. Litig.*,
   No. C-06-0437JW, 2009 U.S. Dist. LEXIS 101192
   (N.D. Cal. Oct. 16, 2009) ...............................................................9, 10, 11

*In re Mercury Interactive Secs. Litig.*,
   618 F.3d 988 (9th Cir. 2010) ...................................................................................5

*In re NVIDIA Corp. Deriv. Litig.*,
   No. C-06-06110-SBA, 2008 U.S. Dist. LEXIS 117351
   (N.D. Cal. Dec. 22, 2008) ..........................................................................14, 18

*In re Unioil Sec. Litig.*,
   107 F.R.D. 615 (C.D. Cal. 1985) ...................................................................................10

*In re Verisign, Inc. Secs. Litig.*,
   No. C-02-02270JW, 2005 U.S. Dist. LEXIS 10438
   (N.D. Cal. Jan. 13, 2005) ..........................................................................9, 10

*Linney v. Cellular Alaska Partnership*,
   151 F.3d 1234 (9th Cir. 1998) ...................................................................................9

*Lonely Maiden Prods., LLC v. GoldenTree Asset Mgmt.*,
   LP, 201 Cal. App. 4th 368 (2011) ...................................................................................16

*Lundell v. Dell, Inc.*,
   No. C05-3970 JW (RS), 2006 U.S. Dist. LEXIS 90990
   (N.D. Cal. Dec. 5, 2006) ..........................................................................20

*Murillo v. Pacific Gas & Elec. Co.*,
   266 F.R.D. 468 (E.D. Cal. 2010)...................................................................................9

iii

*Nat'l Rural Telecomms. Coop. v. DIRECTV, Inc.*,
    221 F.R.D. 523 (C.D. Cal. 2004) ............................................................18

*Nelson v. Bennett*,
    662 F. Supp. 1324 (E.D. Cal. 1987).........................................................14

*Officers for Justice v. Civil Serv. Comm'n*,
    688 F.2d 615 (9th Cir. 1982)....................................................................14

*Parkinson v. Hyundai Motor Am.*,
    258 F.R.D. 580 (C.D. Cal. 2008) ...............................................................9

*Phillips Petroleum Co. v. Shutts*,
    472 U.S. 797 (1985)...................................................................................3

*Plumbers & Pipefitters v. Cisco Sys.*,
    No. C-01-20418JW, 2004 U.S. Dist. LEXIS 27008
      (N.D. Cal. May 27, 2004) .....................................................................10

*Rodriguez v. West Publishing Corp.*
    563 F.3d 948 (9th Cir. 2009) ......................................................................9

*Sacred Heart Health Sys., Inc. v. Humana Military Healthcare Servs., Inc.*,
    601 F.3d 1159 (11th Cir. 2010) ................................................................16

*Staton v. Boeing Co.*,
    327 F.3d 938 (9th Cir. 2003)......................................................................9

*U.S. Parole Comm'n v. Geraghty*,
    445 U.S. 388 (1980)...................................................................................4

*Valentino v. Carter-Wallace, Inc.*,
    97 F.3d 1227 (9th Cir. 1996).............................................................11, 13

*Van Bronkhorst v. Safeco Corp.*,
    529 F.2d 943 (9th Cir. 1976)....................................................................14

*Yokoyama v. Midland Nat'l Life Ins. Co.*,
    594 F.3d 1087 (9th Cir. 2010) ..................................................................17


**OTHER AUTHORITIES**

8 Newberg on Class Actions § 24:16 (4th ed.) .......................................10, 11

FED. R. CIV. P. 23 ................................................................................*passim*

iv

TO ALL PARTIES AND TO THEIR COUNSEL OF RECORD:

Please take notice that on October 9, 2013, at 2:00 p.m., or on such other date as the Court directs, in Courtroom 9, 19th Floor of the United States District Court, Northern District of California, San Francisco Division, before the Honorable Jon S. Tigar, Plaintiff Tasha Keirsey ("Keirsey" "Plaintiff," or "Class Representative") on behalf of herself and all those similarly situated and eBay Inc. ("eBay")[1] will jointly move this Court for an order (1) conditionally certifying a class for purposes of settlement only and preliminarily approving a proposed settlement; (2) approving the proposed form and method of notice and authorizing its dissemination to the members of the class; and (3) setting a schedule for the final approval process.

Plaintiff makes this motion, with the joinder of counsel for defendant, pursuant to Federal Rule of Civil Procedure 23(e) as set forth in the accompanying brief.  This Motion will be based on this Notice; the accompanying Memorandum of Points and Authorities in Support of the Motion; the Declaration of Keith Verges ("Verges Declaration"), filed herewith; the Settlement Agreement and exhibits attached to this Memorandum as Exhibit 1; the Court's file in this action; and such other argument or evidence as may be presented at or prior to the hearing on the Motion.

---

[1]  eBay joins in the request to approve the settlement, but the characterizations of the case and the arguments contained herein are those of Plaintiff, and eBay reserves all rights should the settlement not be approved.

JOINT MOTION FOR PRELIMINARY APPROVAL OF SETTLEMENT                                          PAGE 1
(CASE NO. 3:12-CV-01200-JST)

1

## MEMORANDUM OF POINTS AND AUTHORITIES

2

## I.  STATEMENT OF ISSUES TO BE DECIDED

3   Pursuant to Federal Rule of Civil Procedure 23(e), Plaintiff seeks an order from the

4   Court: (i) conditionally certifying a class for settlement purposes only and preliminarily

5   approving the proposed settlement; (ii) approving the proposed form and method of notice and

6   authorizing its dissemination to the members of the class; and (iii) setting dates and procedures

7   for the final fairness hearing and distribution of settlement proceeds, including deadlines for

8   Class Members to file objections to the proposed settlement or to request that they be excluded

9   from the settlement. The Settlement Agreement is attached as Exhibit 1.  If approved by the

10  Court, the settlement, which provides for the establishment of a cash Settlement Fund of

11  $95,000.00 for payment to Class Members (less any fee and expense award to counsel, and any

12  enhancement award to the Class Representative), will conclude this case.

13

## II.  BACKGROUND

14  A.    SUMMARY OF PLAINTIFF'S CLAIMS.

15  Plaintiff instituted this action on March 9, 2012, by filing her Original Class Action

16  Complaint, which is the operative complaint (Doc. No. 1, the "Complaint").  Plaintiff alleges that

17  eBay charged excessive fees to the Class for listing items using the eBay Mobile application, an

18  application that allows sellers to list items for sale on eBay's websites through sellers' mobile

19  devices (via iPhone, iPad, Blackberry, Android or the eBay Mobile website).  In regard to fees,

20  eBay generally charges two types of mandatory fees to list an item: (1) first, an "Insertion Fee"

21  upon listing; and (2) second, a fee denominated "Final Value Fee," "Transaction Service Fee," or

22  "Successful Listing Fee," depending upon what was listed and where it was listed.  eBay also

23  offers Optional Feature Fees that are not mandatory, but rather give sellers the ability to add the

24  optional features to increase the chances for a successful sale.    Plaintiff alleges eBay charged

25  Class Members for optional upgrades on eBay Mobile listings that they did not select and were

26  not informed of.  In particular, Plaintiff alleges that Class Members were automatically charged

27  Picture Pack, Gallery Plus, and International Listing fees (collectively, the "Disputed Fees") for

28

1   eBay Mobile listings during the time period from January 1, 2009 to October 31, 2012,

2   regardless of whether Class Members selected those features. In her Complaint, Plaintiff alleges

3   breach of contract and breach of the duty of good faith and fair dealing on behalf of herself and

4   all those similarly situated. Plaintiff acknowledges that the alleged issues with eBay's

5   overcharging were corrected as of October 31, 2012, and she has not alleged claims for any

6   listings after that date.

7   **B.**   **SUMMARY OF EBAY'S DEFENSES.**

8       eBay has denied any wrongdoing or liability throughout the litigation. eBay denies that it

9   breached its contract with Keirsey or that it breached the duty of good faith and fair dealing.

10   eBay contends that it properly disclosed all fees (including Optional Fees) related to listing an

11   item for sale on an eBay website with eBay Mobile, and that Keirsey was aware of all the fees

12   she was charged. Finally, as described more fully below, eBay contends no class can be certified

13   for any purpose other than settlement.

14   **C.**   **EBAY'S MOTION TO DISMISS.**

15       On May 7, 2012, eBay moved to dismiss the Complaint, which the Court granted in part

16   and denied in part on August 6, 2012. [Doc. Nos. 22, 35.] The Court dismissed Keirsey's claim

17   for unjust enrichment, but denied the motion to dismiss as to (1) breach of contract; and (2)

18   breach of the implied covenant of good faith and fair dealing. [Doc. No. 35.]

19   **D.**   **CLASS CERTIFICATION.**

20       No class has yet been certified. Plaintiff asserts that this case is particularly well-suited

21   for class certification under Rule 23 because (1) liability is based upon uniform internet web

22   pages drafted entirely by eBay; (2) eBay Mobile functioned uniformly as to all Class Members;

23   and (3) Class members suffered relatively small overcharges that they would be unwilling or

24   unable to recover via individual actions.[2] eBay disputes these claims, but has agreed to

25

---

[2] Class action suits serve several purposes – they promote judicial economy and efficiency by avoiding multiple
26   adjudications of the same issues, they afford aggrieved persons a remedy when it is not economically feasible to
obtain relief through the traditional framework of multiple individual actions, and they enhance access to the courts
27   by spreading litigation costs among numerous litigants with similar claims. *See, e.g., Crown Cork & Seal Co. v. Parker,* 462 U.S. 345, 349 (1983); *Deposit Guar. Nat'l Bank v. Roper,* 445 U.S. 326, 339 (1980); *Phillips Petroleum*

28

certification of a class exclusively for settlement purposes and without waiver of any argument that a class should not be certified for other purposes.

For purposes of settlement, the Settlement Class is:

> all natural persons and entities who are United States residents who, between January 1, 2009 and October 31, 2012 (the "Class Period"), listed items for sale on eBay's websites using eBay Mobile, and incurred the Disputed Fees in connection with such listings.

"In the United States" means the Customer's primary contact information was an address in the United States. There are thousands of unique user IDs in the Settlement Class (a person could have more than one user ID, so there may be slightly fewer class members that still number in the thousands). The amount of Disputed Fees for an individual listing were typically about $1.30. The total amount of Disputed Fees at issue is approximately ███████, but of those fees, only ███████ in fees were for listings originally placed via eBay Mobile (i.e. the remaining fees were for relisting items in which the Disputed Fees had been previously incurred via a non-Mobile eBay listing method).

## III. THE SETTLEMENT AGREEMENT

During the approximately seventeen months this case has been pending, Class Counsel engaged in significant research, investigation, discovery and motion practice before the Court. Some of the work is described in the Verges Declaration, which is incorporated by reference. [*See* Verges Decl. ¶¶ 7-10.] Class Counsel also engaged in various and extensive settlement discussions with counsel for eBay. [*Id.* ¶¶ 14, 19.] The parties reached a tentative settlement after arduous arm's-length negotiations. Under the terms of the Settlement Agreement, filed concurrently with this motion, eBay has agreed to settle the Class Members' claims on the following terms:

- **Settlement Fund and Distribution.** eBay will create a $95,000 Settlement Fund (the "Settlement Fund"). eBay has agreed to separately pay for or undertake the

---

*Co. v. Shutts*, 472 U.S. 797, 809 (1985); *U.S. Parole Comm'n v. Geraghty*, 445 U.S. 388, 402-403 (1980). From the defendant's perspective, a class action also provides a single proceeding in which to determine the merits of similar claims and may protect defendants from repeated and potentially inconsistent adjudications. *Id.*

tasks necessary for notice and administration, including the payment of the fees and costs of a Claims Administrator. The Settlement Fund will also be used to pay all attorneys' fees, costs, and the Plaintiff Class Representative's enhancement award. The remaining settlement fund after the payment of the above-described items (the "Net Settlement Fund") will be allocated in a manner to provide partial reimbursement of Disputed Fees to Class Members. The default payment method to Class Members with Active eBay Accounts is an account credit. Class Members (a) who prefer a check in lieu of a credit, (b) without Active eBay Accounts, or (c) with Closed eBay Accounts and for whom the compensation calculation is $1.00 or greater will receive checks. However, Class Members with Closed eBay Accounts must contact the Administrator to give a current mailing address. Active eBay account holders need not use the credit to purchase further services from eBay; eBay provides refunds upon request, according to its refund policy. eBay will not be entitled to a reversion of any amount of the Settlement Fund when the settlement becomes final and effective. Any returned or un-cashed checks shall be used to fund charitable donations.

- **Compensation to Class Members.** The amount owed to each Class Member will be calculated based on eBay's records. In essence, each Class Member shall receive partial credit of Disputed Fees in proportion to the ratio the Net Settlement Fund bears to all Disputed Fees paid during the Class Period. The calculation is explained in detail in section 2.1 of the Settlement Agreement. It is expected that after payment of all fees and expenses, Class Members shall collectively be entitled to reimbursement of approximately 20% of all Disputed Fees paid during the Class Period. Settlement Class Members will not need to submit a claim in order to receive credit; at most they will need to provide current address information.

- **Payment After Final Approval/Appeals.** No payments from the Settlement Fund will be made, except notice and administrative costs, until approval is final and until completion of any appeals by objectors.

- **Named Plaintiff Enhancement Award.** Keirsey will seek $500.00 as an enhancement award for her participation as the sole named plaintiff in this action in acknowledgement of her assistance with investigation of the claims, participation in discovery, willingness to come forward with the Complaint, and other support provided on behalf of the Settlement Class.

- **Attorneys' Fees.** Class Counsel's attorneys' fees and costs award will be determined by the Court, and will be paid from the Settlement Fund. eBay has agreed not to oppose Class Counsel's request for fees so long as those fees do not exceed $30,000, and does not currently take and will not take a position on the Class Counsel's motion or application for attorneys' fees and costs. Class Counsel will file its application for fees and costs within 45 days of preliminary approval, and the application will be available on the Settlement Website. In order to comply with *In re Mercury Interactive Secs. Litig.*, 618 F.3d 988 (9th Cir. 2010), Plaintiff's counsel's fee application will be filed and posted on the Settlement Website over a month prior to the objection deadline.

- **eBay to provide Data to Aid in Proportionate Distribution to the Class.** eBay will provide the data necessary to determine the amount of the credit to each Class Member. The amount will be in proportion to the amount of Disputed Fees that each Class Member incurred compared to the total Disputed Fees incurred by all Class Members during the Class Period.

  To illustrate the calculation above, if the total Disputed Fees incurred by all Class Members was $10,000 and a particular Class Member incurred $100 in Disputed Fees, that Class Member would be entitled to receive 1% of the Net Settlement Fund.

- **Notice.** The Parties agreed to cooperate on notice and administration, to include the following: (i) individual notice email sent to all Class Members eBay can identify through its records, which email shall include a hypertext link to the Settlement Website; (ii) a third-party website ("Settlement Website") created to provide information about the settlement and containing a proposed settlement notice; (iii) follow-up individually mailed notice for those Class Members whose email notices are undeliverable; and (iv) a national press release designed to get publicity directed to those few persons whom might be Class Member but for whom eBay does not have current email or postal mail addresses.

- **Release of Claims.** Under the Settlement Agreement, each member of the Class releases all claims and causes of action asserted in the Complaint.

- **Opting-Out.** To be excluded from the Settlement Class, a Class Member must send a written request for exclusion to the settlement administrator containing: (a) the title of the Lawsuit: "Keirsey v. eBay, Case No. 3:12-CV-1200 (JST)"; (b) the full name, address, telephone number (optional), email address associated with the eBay account, and each eBay user I.D. utilized by the Class Member during the Class Period; (c) a statement that he/she does not wish to participate in the Settlement; and (d) a signature. No Opt-Out/Exclusion Request will be valid unless all of the information above is included. The request must be postmarked no later than the date approved by the Court and specified in the Summary Notice (the proposed date is 81 days after preliminary approval).

- **Objections.** Any Class Member who wishes to object to the fairness, reasonableness or adequacy of the Settlement Agreement, the proposed Settlement, or the attorneys' fees and costs award requested by Class Counsel, must do so by properly filing an objection with the Court and delivering a copy of the objection to Class Counsel and eBay's Counsel no later than the date approved by the Court and specified in the Summary Notice (the proposed date is 81 days after preliminary approval). It shall be the obligation of the person objecting to comply with all Court filing requirements, including without limitation compliance with the Case Management/ Electronic Case Filing (CM/ECF) system. It shall be the objector's responsibility to ensure timely receipt of any objection by the Court, Class Counsel, and eBay's Counsel. To be considered by the Court, the objection must include: (1) a heading containing the name and case number of the Lawsuit: Keirsey v. eBay, Case No.

3:12-CV-1200 (JST); (2) the Class Member's name, email address, postal address, and telephone number; (3) a detailed statement of each objection and the factual and legal basis for each objection, and the relief that the Class Member is requesting; (4) a list of and copies of all documents or other exhibits which the Class Member may seek to use at the Fairness Hearing; and (5) a statement of whether the Class Member intends to appear, either in person or through counsel, at the Fairness Hearing, and if through counsel, a statement identifying the counsel's name, postal address, phone number, email address, and the state bar(s) to which the counsel is admitted. Any Class Member who files and serves a written objection, as described in this section, has the option to appear at the Fairness Hearing, either in person or through personal counsel hired at the Class Member's expense, to object to the fairness, reasonableness, or adequacy of the Settlement Agreement or the proposed Settlement, or to the award of attorneys' fees and costs. However, Class Members or their attorneys intending to make an appearance at the Fairness Hearing must include a statement of intention to appear in the written objection filed with the Court and delivered to Class Counsel, and eBay's Counsel, and only those Class Members who include such a statement may speak at the Fairness Hearing. If a Class Member makes an objection or appears at the Fairness Hearing through an attorney, the Class Member will be responsible for his or her personal attorney's fees and costs.

- **Final Fairness Hearing.**  The parties propose a Final Fairness Hearing on February 14, 2014.

In determining to settle the Action, the Class Representative and Class Counsel have taken into account the substantial expense and length of time necessary to prosecute the litigation through complete pretrial discovery, class certification (and appeal thereof), trial, post-trial motions and likely appeals, taking into consideration the significant uncertainties in predicting the outcome of this, and any, complex litigation.  Moreover, the total amount in controversy is at most about ███████ ; eBay has also asserted arguments that only items originally listed (i.e. not re-listed) via eBay Mobile are at issue.  These original listings total ███████ in Disputed Fees during the Class Period.  During the course of the litigation, eBay has strenuously denied any liability to Plaintiff or any purported class member, and has also asserted that no class could be properly certified.  The Class Representative recognizes the uncertainty and risk of the outcome of any litigation, especially complex litigation such as this, and the difficulties and risks inherent in the trial of such an action.  Accordingly, the Class Representative desires to settle the claims of the Settlement Class against eBay on the terms and conditions described herein, which provide

1   substantial and immediate benefits to the Settlement Class.  eBay, while continuing to deny all

2   allegations of wrongdoing or liability, desires to settle and terminate the claims asserted in the

3   Complaint without acknowledging any fault or liability to avoid the further burdens of litigation.

4        Class Counsel has engaged in thorough analysis of the legal and factual issues involved

5   in the claims against eBay.  This settlement was achieved only after the Class Representative had

6   the benefit of development of the facts, evidence, and legal issues relating to its claims.  The

7   settlement provides immediate and substantial benefits to the Settlement Class and avoids the

8   risk that no class may be certified and, even if a class were certified, that liability or damages

9   might not be proven at trial, as well as the added expense and delay of continued litigation.   The

10   Class Representative approved the terms of the Settlement Agreement, and Class Counsel

11   believes the settlement to be fair, reasonable and adequate, and in the best interests of the

12   members of the Settlement Class.

13   **IV.  ARGUMENT**

14   **A.**   **THE COURT SHOULD CERTIFY A SETTLEMENT CLASS.**

15        Plaintiff contends that she: (1) adequately represents the Settlement Class; (2) for

16   settlement purposes, asserts claims typical of those held by the Settlement Class, all of which

17   share essentially identical issues of fact and law; (3) has retained qualified Settlement Class

18   counsel; (4) has no animosity with the Settlement Class; and (5) has vigorously pursued claims

19   on behalf of the Settlement Class.

20        Plaintiff also contends that she has also satisfied Rule 23(b)(3).  Common questions of

21   fact and law predominate regarding settlement.  Moreover, a class action is the superior method

22   for resolving this case by settlement because (a) the individual remedy for each Settlement Class

23   member is relatively small, making the expense and burden of continued individual litigation

24   economically and procedurally impracticable; (b) no other litigation on this topic exists; (c) this

25   forum is the best place to concentrate claims; and (d) the proposed settlement of this case is

26   readily manageable.

27

28

1    The Ninth Circuit has declared a strong judicial policy in favor of class action settlement.

2    *See Class Plaintiffs v. City of Seattle*, 955 F.2d 1268, 1276 (9th Cir. 1992).   When the "parties

3    reach a settlement agreement prior to class certification, courts must peruse the proposed

4    compromise to ratify both (1) the propriety of the certification and (2) the fairness of the

5    settlement." *Staton v. Boeing Co.*, 327 F.3d 938, 952 (9th Cir. 2003).   This public policy further

6    means that the Ninth Circuit "has long deferred to the private consensual decision of the parties"

7    to settle.  *See Rodriguez v. West Publishing Corp.* 563 F.3d 948, 965 (9th Cir. 2009); *see also*

8    *Linney v. Cellular Alaska Partnership*, 151 F.3d 1234, 1238 (9th Cir. 1998) ("strong judicial

9    policy that favors settlements, particularly where complex class action litigation is concerned").

10   Nevertheless, the Court must study each of the elements of Fed. R. Civ. P. 23(a) and 23(b).  *See*

11   *Murillo v. Pacific Gas & Elec. Co.*, 266 F.R.D. 468, 473-74 (E.D. Cal. 2010).

12       The Plaintiff bears the burden of establishing each of the four requirements of Rule 23(a)

13   and at least one requirement of Rule 23(b).  *Dukes v. Wal-Mart, Inc.*, 509 F.3d 1168, 1176 (9th

14   Cir. 2007); *accord In re Juniper Networks, Inc. Sec. Litig.*, No. C-06-0437JW, 2009 U.S. Dist.

15   LEXIS 101192, *9 (N.D. Cal. Oct. 16, 2009).   The Court must make a "rigorous analysis" but in

16   so doing is generally "bound to take the substantive allegations of the complaint as true."  *In re*

17   *Juniper*, 2009 U.S. Dist. LEXIS 101192, at * 9-10; *accord In re Coordinated Pretrial*

18   *Proceedings in Petroleum Prods. Antitrust Litig.*, 691 F.2d 1335, 1342 (9th Cir. 1982).

19       Rule 23(a) requires: (1) numerosity of parties; (2) commonality of legal and factual

20   issues; (3) typicality of claims and defenses of the class representatives with the putative class;

21   and (4) adequacy of representation.  *Blake v. Arnett*, 663 F.2d 906, 912 (9th Cir. 1981).  Rule

22   23(b) requires that questions of law or fact common to the class predominate over individual

23   questions and that a class action be superior to other methods for fairly and efficiently

24   adjudicating the controversy. *Id.* 23(b)(3).

25       Evidence relevant to class certification need not be formally admissible under the Federal

26   Rules of Evidence.  *See Parkinson v. Hyundai Motor Am.*, 258 F.R.D. 580, 599 (C.D. Cal. 2008)

27   ("a motion for class certification . . . need not be supported by admissible evidence"); *In re*

28

*Verisign, Inc. Secs. Litig.*, No. C-02-02270JW, 2005 U.S. Dist. LEXIS 10438, * 13 (N.D. Cal. Jan. 13, 2005); *see also Plumbers & Pipefitters v. Cisco Sys.*, No. C-01-20418JW, 2004 U.S. Dist. LEXIS 27008, * 16 (N.D. Cal. May 27, 2004) (certification not appropriate context for evaluating merits of expert opinions on market efficiency).

### 1.    Numerosity.

Rule 23(a) requires a class to be sufficiently numerous that joinder of all members would be impracticable.   Fed. R. Civ. P. 23(a)(1).   There is no minimum number necessary for numerosity.   8 Newberg on Class Actions § 24:16 (4th ed.) ("Newberg"); *Breeden v. Benchmark Lending Group, Inc.*, 229 F.R.D. 623, 628 (N.D. Cal. 2005) (236 potential class members sufficient to satisfy numerosity requirement) (citing *Gen. Tel. Co. of the NW, Inc. v. EEOC*, 446 U.S. 318, 330 (1980)).   Numerosity considerations also include dispersion of members and their ability to initiate suit.   *See generally*, 1 Newberg § 3:6; *see also In re Unioil Sec. Litig.*, 107 F.R.D. 615, 618 (C.D. Cal. 1985) (joinder impracticable given widespread geographic dispersion of potential class members and small amount of individual claims).   The Class consists of holders of ████████ of unique eBay user IDs and the parties agree that numerosity is met.   The Court should likewise find numerosity.

### 2.    Commonality and Predominance.

Rule 23 contains two related commonality requirements, 23(a)(2) commonality and 23(b)(3) predominance.   *Holtz v. Lennox Hearth Prods., Inc.*, No. C 08-00836 CW, 2010 U.S. Dist. LEXIS 14553, *12-13 (N.D. Cal. Feb. 16, 2010).   Rule 23(a)(2) requires that there be questions of fact and law common to the entire class.   *Id.*   In the Ninth Circuit, Rule 23(a)(2) commonality has "minimal" requirements.   *Hanlon v. Chrysler Corp.*, 150 F.3d 1011, 1019-20 (9th Cir. 1988); *accord In re Juniper Networks, Inc. Sec. Litig.*, 2009 U.S. Dist. LEXIS 101192, at *14; *In re Infineon Techs. AG Sec. Litig.*, No. C-04-04156JW, 2009 U.S. Dist. LEXIS 103385, * 21 (N.D. Cal. March 6, 2009).   This Court has also explained that "commonality simply requires that there be at least one legal or factual issue common to the class," *In re Verisign, Inc.*

1  *Sec. Litig.*, No. C-02-02270JW, 2005 U.S. Dist. LEXIS 10438, * 13 (N.D. Cal. Jan. 13, 2005);

2  *accord Conte & Newberg*, §§ 3.10, 22:21.

3     Rule 23(b)(3) requires that common issues predominate over individual issues. *Amchem*

4  *Prods., Inc. v. Windsor*, 521 U.S. 591, 623 (1997). Predominance tests whether a proposed class

5  is sufficiently cohesive to permit adjudication by representation. *In re Juniper Networks, Inc.*

6  *Sec. Litig.*, 2009 U.S. Dist. LEXIS 101192 at * 21. As this Court has explained, in order to

7  address "the questions of law or fact common to the members, the court looks at common factual

8  links between all class members and the defendants for which the law provides a remedy." *Abels*

9  *v. JBC Legal Group, PC*, 227 F.R.D. 541, 547 (N.D. Cal. 2005); *accord Valentino v. Carter-*

10  *Wallace, Inc.*, 97 F.3d 1227 (9th Cir. 1996). When common questions present a significant

11  aspect of the case and can be resolved for all members of the class in a single adjudication, a

12  class should be certified. *Breeden*, 229 F.R.D. at 628 (citing *Hanlon*, 150 F.3d at 1022). Plaintiff

13  submits that the proposed Settlement Class presents common legal questions that predominate.

14     This case arises out of web pages that describe the User Agreement, the eBay Mobile user

15  agreement, and the operation of eBay Mobile, among other things. Plaintiff alleges that the User

16  Agreement applies to all Settlement Class Members and all questions related thereto are

17  common. The eBay Mobile user agreement is likewise common to all Settlement Class

18  Members. While eBay disagrees, Plaintiff contends that how eBay Mobile functioned, especially

19  in charging Disputed Fees, is the same for all class members. While eBay would raise contrary

20  arguments on issues for trial, the question here is whether the settlement is fair, reasonable, and

21  adequate in light of the Settlement Class' similarities and differences. Thus, the proposed

22  settlement intrinsically presents predominantly common questions.

23     **3.   Typicality.**

24     Typicality requires that "the claims or defenses of the representative party be typical of

25  the claims or defenses of the class." Fed. R. Civ. P. 23(a)(3). The Ninth Circuit interprets

26  typicality permissively. *Hanlon v. Chrysler Corp.*, 150 F.3d 1011, 1020 (9th Cir. 1998). It is

27

28

1    sufficient for the named plaintiff's claims to arise from the same remedial and legal theories as
2    the class claims. *Arnold v. United Artists Theater, Inc.*, 158 F.R.D. 439, 449 (N.D. Cal. 1994).

3         Here, Keirsey submits that her claims arise from the same factual basis as any other
4    member of the class.  Keirsey alleges that she placed listings via eBay Mobile and incurred
5    Disputed Fees for these listings.  Keirsey complains that she was not provided an opportunity to
6    either select or decline the features associated with the Disputed Fees, a problem arguably
7    identical to other Settlement Class Members, because Plaintiff claims that eBay Mobile worked
8    the same for her as for other Settlement Class Members.  Keirsey does not claim that her listings
9    via eBay Mobile differed from other Class Members' listings, nor does Keirsey claim to have
10   any special or unique knowledge or understanding about eBay Mobile in comparison to other
11   members of the Settlement Class.  Moreover, Keirsey seeks the same relief for herself as she
12   does for other members of the Class.  Keirsey does not seek any unique lost profits or other
13   consequential damages, but merely the same pro-rata refund of Disputed Fees she paid as
14   Settlement Class Member.  Finally, Keirsey will receive the same relief as any other member of
15   the Settlement Class (although because of her standing as Class Representative, Keirsey does
16   request an enhancement payment).

17       **4.**    **Adequacy.**

18        Adequacy requires that the Class Representative "fairly and adequately protect the
19   interests of the class," which requires (1) that there be no conflicts of interest between the
20   representative and the proposed class; and (2) that qualified and competent counsel represent the
21   proposed class. Fed. R. Civ. P. 23(a)(4).  In the context of settlement, at heart in this requirement
22   is concern over settlement allocation decisions.  *Hanlon*, 150 F.3d at 1020.  There is no
23   distinction between or among Settlement Class members; each person receives the same pro rata
24   amount of credit of Disputed Fees.  Moreover, Plaintiff's listings are subject to exactly this same
25   proportionate credit.  Accordingly, Plaintiff has no conflict with the Settlement Class.

26        In addition, Plaintiff's attorneys have extensive experience in class action cases and have
27   vigorously conducted discovery, research, and investigation of the Class claim.  [Verges Decl.

28

1   ¶¶ 2-5]  Plaintiff's counsel has studied hundreds of pages of documents, engaged consulting

2   experts to study computer data, and also has extensive experience with eBay from prior litigation

3   with eBay.  [*Id.* ¶¶ 6-16, 13-17.]  Accordingly, the adequacy requirements have been met.

4       **5.    Superiority.**

5       Superiority focuses on evaluating whether "class wide litigation of common issues will

6   reduce litigation costs and promote greater efficiency."  *Valentino v. Carter-Wallace, Inc.*, 97 F.3d

7   1227, 1234 (9th Cir. 1996).  Here, eBay agrees, for purposes of settlement only, that certification

8   of a settlement class is superior to other methods of adjudication, because it efficiently resolves

9   class claims promptly and at a lower cost than continued litigation.   Moreover, collective

10  resolution of the claims avoids the possibility of duplicative individual controversies or

11  inconsistent future judicial determinations.   The proposed administration process of the

12  settlement is also more manageable than individual lawsuits or other claims brought by

13  Settlement Class Members, and the computer data that has already been analyzed in this case

14  provides for ready determination of a fair, reasonable, and adequate credit for each Settlement

15  Class Member.  Accordingly, the proposed class action settlement is superior to other means of

16  adjudicating this controversy, and the Court should therefore certify the Settlement Class for

17  purposes of the settlement.

18  **B.    THE COURT SHOULD GRANT PRELIMINARY
       APPROVAL OF THE PROPOSED SETTLEMENT.**
19

20      Plaintiff and eBay request that this Court preliminarily approve the Settlement

21  Agreement. Class Counsel and the Class Representative believe the Settlement Agreement will

22  achieve excellent results for the Class.  Class Counsel respectfully submits that the proposed

23  settlement is fair, reasonable, and adequate and warrants preliminary approval by this Court.

24      **1.    Standard for Preliminary Approval of Settlement.**

25      Federal Rule of Civil Procedure 23(e) requires judicial approval for any compromise of

26  claims brought on a class basis.  Approval of a proposed settlement is a matter within the

27  discretion of the district court.  *See, e.g., Class Plaintiffs v. City of Seattle*, 955 F.2d 1268, 1276

28

(9th Cir. 1992).   This discretion should be exercised in the context of a public policy which strongly favors the pretrial settlement of class action lawsuits.  *Id.*; *Officers for Justice v. Civil Serv. Comm'n*, 688 F.2d 615, 625 (9th Cir. 1982) ("Voluntary conciliation and settlement are the preferred means of dispute resolution …"); *Van Bronkhorst v. Safeco Corp.*, 529 F.2d 943, 950 (9th Cir. 1976); *In re NVIDIA Corp. Deriv. Litig.*, No. C-06-06110-SBA, 2008 U.S. Dist. LEXIS 117351, at *6-8 (N.D. Cal. Dec. 22, 2008).  As the Court in *Nelson v. Bennett* explained:

> [T]he suggestion that there is no federal policy to encourage settlement truly borders on the absurd. Not only have federal courts long recognized the public policy in favor of the settlement of complex securities actions, but the Ninth Circuit in particular has stated: "It hardly seems necessary to point out that there is an overriding public interest in settling and quieting litigation. This is particularly true in class action suits . . . which frequently present serious problems of management and expense." Especially in these days of burgeoning federal litigation, the promotion of settlement is as a practical matter, an absolute necessity.

662 F. Supp. 1324, 1334 (E.D. Cal. 1987) (internal citations omitted) (quoting *Van Bronkhorst*, 529 F.2d at 950).

Beyond this strong judicial policy favoring settlements, "the Court need only conclude that the settlement of the claims on the agreed upon terms is within the range of possible approval." *In re NVIDIA Corp.*, 2008 U.S. Dist. LEXIS 117351, at *8-9.  This entails only consideration of whether the settlement is "fair, reasonable, and adequate," and "not the product of fraud or overreaching by, or collusion between, the negotiating parties." *Id.* (quoting *Officers for Justice v. Civil Serv. Comm'n*, 688 F.2d 615, 625 (9th Cir.1982)).  The Court need not engage in analysis as rigorous as is appropriate for final approval. *See Alberto v. GMRI, Inc.*, 252 F.R.D. 652, 665 (E.D. Cal. 2008) (stating that the court need do no more than a "cursory review of the terms of the parties' settlement for the purpose of resolving any glaring deficiencies").

An evaluation of the costs and benefits of settlement must be tempered by recognition that any compromise involves concessions on the part of all of the settling parties. *In re NVIDIA Corp.*, 2008 WL 5382544, at *11.  Indeed, "the very essence of a settlement is compromise, a yielding of absolutes and an abandoning of higher hopes." *Id.* (quoting *Officers for Justice*, 688

F.2d at 624) (internal quotation marks omitted). As the Fifth Circuit noted in *Cotton v. Hinton*: "The trial court should not make a proponent of a proposed settlement justify each term of settlement against a hypothetical or speculative measure of what concessions might have been gained." 559 F.2d 1326, 1330 (5th Cir. 1977) (internal quotations omitted). The proposed settlement easily satisfies these criteria and should be preliminarily approved.

### 2.   The Proposed Settlement is Within the Range of Possible Approval.

The proposed settlement here unquestionably falls well within the range of possible approval. There is no evidence of fraud or collusion, and the settlement is the result of good faith arm's-length bargaining. On its face, the settlement is fair and reasonable because, despite a sophisticated and well-represented defendant that denies any liability, the Settlement Fund is nearly twice the amount of Disputed Fees paid for listings originally placed via eBay Mobile and approximately 20% of all fees, including fees for re-listed items, placed via eBay Mobile during the Class Period  This sum is fair, reasonable and adequate because it takes into account eBay's vigorous arguments and evidence, both on the merits and on class certification.

The claims are based on a theory that eBay imposed the Disputed Fees without the Class Members having selected the associated features. While Plaintiff contends that eBay Mobile did not always allow users to either select or decline the options associated with the Disputed Fees, most of the Disputed Fees were incurred for items that were re-listed. eBay therefore asserts that the Class Member merely confirmed a continuing desire to use the options and incur the Disputed Fees. eBay also asserts that, prior to listing, the Disputed Fees were displayed to eBay Mobile users and that the Class Members therefore assented to the charges, even if they did not affirmatively select the options.

In addition, the total amount of fees at issue is small in comparison to the costs of prosecution of the case. A total of ███ in Disputed Fees was paid by the Class Members; only ███ was paid for listings made originally (i.e. not re-listed) via eBay Mobile. The costs associated with depositions, travel, and experts could easily exceed these sums if the case were prosecuted through class certification and trial. Moreover, settlement administration can

1  likewise be very expensive, and eBay has agreed to pay costs of notice and administration

2  outside the $95,000 settlement fund.  In light of these factors, the settlement is fair, reasonable

3  and adequate. [Verges Decl. ¶¶ 6, 14-18.]  This recovery is all the more reasonable given that

4  eBay asserts that no class could be properly certified for any purpose other than settlement.

5              a.       **Class Certification Risks.**

6        In addition to the merits issues summarized above, the settlement accounts for the risk

7  that class certification would be denied.   While Plaintiff contends that all class members'

8  experiences were identical and predicated on uniform web pages published by eBay, eBay will

9  likely make many arguments to the contrary.

10             i.       **The Breach of Contract Claim.**

11       eBay will likely assert that individualized "extrinsic evidence [must be] admitted to aid

12  the interpretative process." *Lonely Maiden Prods., LLC v. GoldenTree Asset Mgmt.*, LP, 201 Cal.

13  App. 4th 368, 376 (2011).  eBay has previously asserted that a "full record" of unique, extrinsic

14  evidence is needed to determine each seller's "expectations" regarding the Disputed Fees.  *See,*

15  *e.g., Sacred Heart Health Sys., Inc. v. Humana Military Healthcare Servs., Inc.*, 601 F.3d 1159,

16  1176-77 (11th Cir. 2010) (denying certification of contract claim because "[e]ven the most

17  common of contractual questions–those arising, for example, from the alleged breach of a form

18  contract–do not guarantee predominance if individualized extrinsic evidence bears heavily on the

19  interpretation of the class members' agreements"); *Avritt v. Reliastar Life Ins. Co.*, 615 F.3d

20  1023, 1030 (8th Cir. 2010) (denying certification because a contractual ambiguity "opens the

21  door for extrinsic evidence about what each party intended when it entered the contract" so the

22  defendant's "liability to the entire class for breach of contract cannot be established with

23  common evidence").  eBay may therefore claim that every individual Class Member's intent to

24  incur the Disputed Fees will cause individual issues to predominate.  Plaintiff believes that only

25  the objectively reasonable expectations of a typical consumer matter and alleges that the eBay

26  Mobile application did not permit any Class Member to affirmatively request the options

27

28

1   associated with the Disputed Fees.  Nevertheless, eBay's contrasting argument presents a risk

2   that no class might be certified due to individual questions on contract interpretation.

3                    **ii.    Damages.**

4          eBay may also argue that Plaintiff cannot show that the damages claims for all sellers can

5   be resolved on a class wide basis, citing the Supreme Court's recent decision in *Comcast Corp. v.*

6   *Behrend*, 133 S.Ct. 1426 (2013).  *Comcast* states that, for antitrust cases, a court must consider

7   damages calculations in determining whether to certify a class.  Under *Comcast*, a plaintiff

8   seeking certification under Rule 23(b)(3) must now establish "through evidentiary proof" that

9   "damages are capable of measurement on a classwide basis." *Comcast*, 133 S.Ct. at 1432-33.  To

10  meet this standard, a plaintiff must "show (1) that the existence of individual injury resulting

11  from the alleged ... violation ... was capable of proof at trial through evidence that was common

12  to the class rather than individual to its members; and (2) that the damages resulting from that

13  injury were measurable on a class-wide basis through use of a common methodology." *Id.* at

14  1430 (internal quotation marks omitted).  Moreover, a plaintiff cannot propose an "arbitrary"

15  method that artificially avoids the need for individualized proof.  *Id.* at 1433.  While Plaintiff

16  asserts that "damage calculations alone cannot defeat certification," (*Yokoyama v. Midland Nat'l*

17  *Life Ins. Co.*, 594 F.3d 1087, 1094 (9th Cir. 2010)), common proof of damages presents a risk on

18  class certification and significant expense to the class for retaining damages experts.

19         In view of the risks and potential benefits of proceeding with the litigation, the Settlement

20  offers the Class a significant recovery on claims that eBay vigorously disputes and will eliminate

21  the risk that no class might be certified and, even if a class is certified, it may not prevail on

22  claims against eBay at trial or on appeal.  The proposed settlement is the result of extensive

23  arm's-length bargaining and was achieved only after extensive analysis, hard fought litigation,

24  and difficult negotiations. [Verges Decl. ¶ 6-10, 19.]  The issues have been hotly contested from

25  the outset by extremely capable counsel on both sides.  During the course of this litigation and

26  the parties' settlement discussions, eBay argued vigorously that it had no liability to Plaintiff and

27  that no class could be certified.  Although Plaintiff believes it has meritorious claims against

28

1   eBay, several potential hurdles weigh in favor of settlement, including (1) uncertainties

2   surrounding contract terms on each of Plaintiff's theories, (2) differences between class member

3   experiences, (3) different eBay Mobile platforms and versions thereof (e.g. iPhone vs. Android),

4   and (4) eBay's various affirmative defenses.  In addition, the parties and their respective experts

5   could be expected to offer sharply conflicting testimony and opinions on how damages should be

6   calculated and the amount of damages for each listing.  All told, the settlement will provide a

7   significant recovery to the Class while eliminating the risk of a negative outcome in litigation.  *In*

8   *re NVIDIA Corp. Deriv. Litig.*, No. C-06-6110-SBA, U.S. Dist. LEXIS 117351, *11 (N.D. Cal.

9   Dec. 22, 2008).

10          Given the uncertainty and substantial expense of going forward with a motion for class

11   certification and trial on the merits against eBay, it is the informed opinion of Plaintiff's

12   experienced counsel that the proposed settlement is fair, reasonable and adequate and warrants

13   judicial approval. [Verges Decl. ¶¶ 6, 14-19.]; *see Nat'l Rural Telecomms. Coop. v. DIRECTV,*

14   *Inc.*, 221 F.R.D. 523, 528 (C.D. Cal. 2004) ("Great weight" is accorded to the recommendation

15   of counsel, who are most closely acquainted with the facts of the underlying litigation.").  The

16   Class was represented by counsel with extensive experience in litigating class actions, and the

17   settlement was reached after thorough analysis by Class Counsel of the applicable law and facts.

18   Those efforts included extensive written discovery, the review of hundreds of pages of

19   documents produced by eBay, retention of and analysis by Plaintiff's experts delving into eBay's

20   data, and other analysis. [Verges Decl. ¶¶ 6-18.]

21          Accordingly, the parties request preliminary approval of the Settlement Agreement.

22   **C.     THE PROPOSED SETTLEMENT NOTICE SHOULD BE
            APPROVED AND ITS DISSEMINATION AUTHORIZED.**

23

24          Plaintiff requests that this Court approve the proposed form of notice that will advise

25   Class members of the pendency of this action, the proposed settlement, and Class Counsel's

26   application for a fee and expense award, and for an enhancement award to the Class

27

28

1    Representative.  Plaintiff and eBay agree that the form of notice is fair and adequate under the

2    circumstances.

3         Federal Rule of Civil Procedure 23(e) provides that "[t]he court must direct notice in a

4    reasonable manner to all class members who would be bound by the [proposed settlement]." Fed.

5    R. Civ. P. 23 (e)(1). "Rule 23(e) gives the court 'virtually complete' discretion as to the manner

6    of service of settlement notice." *Colesberry v. Ruiz Food Products, Inc.*, No. CV F 04-5516,

7    2006 U.S. Dist. LEXIS 45024, at *20 (E.D. Cal. May 17, 2006) (citing *Franks v. Kroger Co.*,

8    649 F.2d 1216, 1222-23 (6th Cir. 1981)).

9         Federal Rule of Civil Procedure 23(c)(2)(B) provides, in pertinent part that, "For any

10   class certified under Rule 23(b)(3), the court must direct to class members the best notice

11   practicable under the circumstances, including individual notice to all members who can be

12   identified through a reasonable effort." Fed. R. Civ. P. 23(c)(2)(B).   Proper notice should

13   include:

14        • the essential terms of the proposed settlement;

15        • disclosure of any special benefits provided to the class representatives;

16        • information regarding attorney fees;

17        • the time and place of the hearing to consider approval of the settlement, and the
18          method for objecting to the settlement;

19        • explanation of the procedures for allocating and distributing settlement funds; and a
20          procedure for making inquiries.

21   *Colesberry*, 2006 U.S. Dist. LEXIS 45024, at *20.

22        The proposed notice and the method of dissemination meet each of these requirements.

23   Email appears to be the primary method by which eBay communicates with its customers.  By

24   definition, each Class Member formed their relationship with eBay via electronic

25   communications and therefore e-mail is the best way to notify the Settlement Class.

26   Accordingly, Class Members will be sent notification via email, where their email address is

27   available, which will notify them of the settlement and provide a hyperlink to the Settlement

28

1     Website. For Class Members whose emails are undeliverable, or for which no email address is

2     available, notice will be sent by United States mail to the last known address for that Class

3     Member, if available. The Settlement Website will contain details, including viewable and

4     downloadable copies of many pleadings, including the Complaint, the Court's Orders, Plaintiff's

5     counsel's fee application, and this Motion.

6         On the Settlement Website, Settlement Class Members will be able to review the detailed

7     Notice, which provides clear and concise information with respect to all the relevant aspects of

8     the litigation, including (a) the class definition and statement of claims; (b) the litigation history;

9     (c) the terms of the Settlement Agreement; (d) the binding effect of any judgment approving the

10     Settlement on those who do not opt out; (e) the right to (and procedure for) opting out of the

11     Settlement Class; (f) the right to (and procedure for) objecting to the Settlement; (g) whom to

12     contact to obtain additional information regarding the Settlement or the litigation; (h) the manner

13     in which compensation will be provided to the Class Representative to compensate it for service

14     to the Settlement Class; and (g) the manner in which Class Counsel will be compensated. Thus,

15     the proposed Notice provides all the information necessary for Class Members to make informed

16     decisions with respect to whether to remain in, opt out, or object to the proposed Settlement.

17         Accordingly, the content and method of dissemination of the proposed notice fully

18     comports with due process and applicable case law. *Browning v. Yahoo! Inc.*, No. C04-01463

19     HRL, 2007 U.S. Dist. LEXIS 86266, at *13-14 (N.D. Cal. Nov. 16, 2007) ("Email notice was

20     particularly suitable in this case, where settlement class members' claims arise from their visits to

21     Defendants' Internet websites."); *accord Lundell v. Dell, Inc.*, No. C05-3970 JW (RS), 2006 U.S.

22     Dist. LEXIS 90990, at *2-3 (N.D. Cal. Dec. 5, 2006) (Ware, J.). As such, the Court should

23     approve the proposed Notice and direct that it be distributed as agreed by the parties.

24     **D. THE COURT SHOULD SCHEDULE A FAIRNESS HEARING AND**
          **APPROVE THE PROPOSED PRELIMINARY APPROVAL ORDER.**

25

26         Following the approval and entry of the proposed Preliminary Order and dissemination of

27     Notice to Settlement Class Members pursuant thereto, the parties request the Court conduct a

28

hearing (the "Final Fairness Hearing") to determine whether the judgment and order should be entered: (1) approving the proposed settlement as fair, reasonable and adequate to the Settlement Class; (2) dismissing this action on the merits and with prejudice as against eBay with respect to the Class; (3) barring Plaintiff and all Settlement Class Members from prosecuting, pursuing or litigating any of the released claims, as defined in the Settlement Agreement, against eBay; and (4) awarding Class Counsel's fees and expenses from the Settlement Fund and granting an enhancement award to the Class Representative.  In that regard, the parties propose the following deadlines:

| Event | Proposed Deadline |
|---|---|
| Deadline for dissemination of Class Notice | Order[3] + 21 days |
| Deadline for Class Counsel to file application for award of attorney's fees, reimbursement of expenses, and request incentive awards for Class Representatives | Order +45 days |
| Deadline for mailing requests for exclusion | Postmarked by Order + 81 days |
| Deadline for filing objections to settlement (including Attorneys' Fees and Plaintiff's enhancement award) | Order + 81 days |
| Deadline for filing Motion for Final Approval and other submissions in support of Settlement | Order + 100 days |
| Deadline for Class Counsel to Reply to any opposition memorandum filed by objectors | Order + 110 days |
| Deadline to file affidavit of notice of mailing | At or before Final Fairness Hearing |
| Fairness Hearing | Later of 130 days or February 14, 2014 |

---

[3] "Order" refers to any order preliminarily approving the class settlement.

1

2                               V.  **CONCLUSION**

3            For the foregoing reasons, Class Representative respectfully requests that this Court

4    (1) conditionally certify the Settlement Class and preliminarily approve the terms of the

5    settlement reached by the parties; (2) approve the form and method of notice of the settlement

6    and of the pendency of the litigation to the Class and order that such notice be given; and (3) set

7    dates and procedures for the final fairness hearing, including deadlines for Class Members to file

8    objections to the proposed settlement or to request that they be excluded from the settlement.

9            Dated: August 16, 2013.

10

11                                        Respectfully submitted,

12                                        By: /s/ Keith R. Verges
                                               Keith R. Verges

13

14                                        Keith R. Verges
                                          Parker D. Young
15                                        Raymond E. Walker
                                          FIGARI & DAVENPORT, L.L.P.
16                                        3400 Bank of America Plaza
                                          901 Main Street
17                                        Dallas, Texas 75202
                                          Telephone (214) 939-2017
18                                        Facsimile (214) 939-2090
                                          *ADMITTED PRO HAC VICE*
19

20                                        Shawn T. Leuthold
                                          Law Office of Shawn T. Leuthold
21                                        1671 The Alameda #303
                                          San Jose, California  95126
22                                        Telephone: (408) 924-0132
                                          Facsimile: (408) 924-0134
23

24                                        ATTORNEYS FOR PLAINTIFFS

25

26

27

28

1   FILER'S ATTESTATION:

2       Pursuant to General Order No. 45, § X(B) regarding signatures, Keith Verges hereby
    attests that concurrence in the filing of this document has been obtained.

3

4                                /s/ Keith R. Verges
                                 Keith R. Verges

5

6                       **CERTIFICATE OF SERVICE**

7       I hereby certify that all counsel of record will be served with a copy of this document via
    the Court's CM/ECF system pursuant to the local rules of this Court, on this 16th day of August,

8   2013.

9                                /s/ Keith R. Verges
                                 Keith R. Verges
10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

---