UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| TASHA KEIRSEY,<br><br>    Plaintiff,<br><br>    v.<br><br>EBAY, INC,<br><br>    Defendant. | Case No. 12-cv-01200-JST<br><br>**ORDER GRANTING IN PART AND DENYING IN PART ADMINISTRATIVE MOTION TO FILE UNDER SEAL**<br><br>Re: ECF Nos. 58 & 59. |

Plaintiff Tasha Keirsey and Defendant eBay, Inc. have jointly moved this Court for an Order: (1) conditionally certifying a settlement class & related settlement; (2) authorizing the distribution of a notice of settlement; and (3) setting a scheduling for the final approval process. ("Joint Motion"), ECF No. 53. Plaintiff has also moved, pursuant to Civil Local Rule 79-5, to file an exhibit to the Joint Motion under seal and to redact references to certain information in its memorandum of points and authorities and in an additional exhibit to the Joint Motion. ECF No. 58. Defendant eBay has filed a declaration and proposed order in support of the sealing request. ECF No. 59.

The Court GRANTS IN PART and DENIES IN PART the motion to seal for the reasons described herein.

## I. BACKGROUND

### A. Keirsey's Claims

Plaintiff claims that Defendant charged her excessive fees for listing items for sale using the eBay Mobile Application, which allows sellers to list items for sale on eBay's websites through the sellers' mobile device. Plaintiff's Original Class Action Complaint ("Complaint"), ECF No. 1, ¶ 14. Plaintiff claims that, in additional to the normal fees for listing an item, she was

1 also charged certain optional fees for additional features that she did not select and of which she
2 was not informed. Id. Defendant claims that it properly disclosed all fees, and that Plaintiff was
3 aware of all fees she was charged. Defendant particularly maintains that there can be no liability
4 for any user who chose additional features and incurred the optional fees when placing an item
5 through the eBay website, and then subsequently re-listed or copied the same listing using the
6 eBay Mobile Application.

### B. Legal Standard

A party seeking to seal a document filed with the court must (1) comply with Civil Local Rule 79-5; and (2) rebut the "a strong presumption in favor of access" that applies to all documents other than grand jury transcripts or pre-indictment warrant materials. Kamakana v. City and County of Honolulu, 447 F.3d 1172, 1178 (9th Cir. 2006) (citation and internal quotation marks omitted).

With respect to the first prong, Local Rule 79-5 requires, as a threshold, a request that (1) establishes that the document, or portions thereof, are privileged, protectable as a trade secret or otherwise entitled to protection under the law"; and (2) is "narrowly tailored to seek sealing only of sealable material." Civil L.R. 79-5(b). An administrative motion to seal must also fulfill the requirements of Civil Local Rule 79-5(d). "Reference to a stipulation or protective order that allows a party to designate certain documents as confidential is not sufficient to establish that a document, or portions thereof, are sealable." Civil L.R. 79-5(d)(1)(A).

With respect to the second prong, the showing required for overcoming the strong presumption of access depends on the type of motion to which the document is attached. When a party seeks to file materials in connection with a dispositive motion, the presumption can be overcome only if the party presents "compelling reasons supported by specific factual findings that outweigh the general history of access and the public policies favoring disclosure." Kamakana, 447 F.3d 1172 at 1178-79 (internal citation omitted). "The mere fact that the production of records may lead to a litigant's embarrassment, incrimination, or exposure to further litigation will not, without more, compel the court to seal its records." Id. at 1179.

On the other hand, when a party seeks to file previously sealed discovery materials in connection with a non-dispositive motion, the sealing party need not meet the 'compelling reasons' standard "because those documents are often unrelated, or only tangentially related, to the underlying cause of action." Id. at 1179 (citation and internal quotation marks omitted). In that case, a party need only make a "particularized showing under the good cause standard of Rule 26(c)" to justify the sealing of the materials. Id. at 1180 (internal citation and internal quotation marks omitted). A court may, for good cause, keep documents confidential "to protect a party or person from annoyance, embarrassment, oppression, or undue burden or expense." Fed. R. Civ. P. 26(c).

A district court must "articulate [the] . . . reasoning or findings underlying its decision to seal." Apple Inc. v. Psystar Corp., 658 F.3d 1150, 1162 (9th Cir. 2011) cert. denied, 132 S. Ct. 2374 (U.S. 2012).

## II.  ANALYSIS

Plaintiff has proposed to seal the Declaration of Krishna Vasireddy, and to redact portions of the Declaration of Keith Verges and the memorandum of points and authorities in support of the Joint Motion. ECF No. 58.

In granting a previous sealing request, this Court noted that since the motion was for class certification, "the Court applies a 'good cause' standard here in accordance with the vast majority of other courts within this circuit." In re High-Tech Employee Antitrust Litig., Case No. 11-CV-02509-LHK, 2013 WL 163779, at *2, n.1 (N.D. Cal. Jan. 15, 2013). The Court has reconsidered whether this standard is appropriate for this motion.

In High-Tech, the court was considering an *opposed* motion for class certification, which was not connected to any motion that would dispose of the claims in the case. This Court has reviewed the other cases cited in High-Tech as examples of the "vast majority" of courts applying the 'good cause' standard. All of them, too, appear to relate to opposed motions for class certification rather than motions made in the context of a settlement. See In re NCAA Student–Athlete Name and Likeness Licensing Litigation, No. 09-01967, 2012 WL 5395039, at *2 (N.D.

Cal. Nov. 5, 2012); Vietnam Veterans of America v. C.I.A., No. 09-0037, 2012 WL 1094360, *1-2 (N.D. Cal. March 29, 2012); Buchanan v. Homeservices Lending LLC, No. 11-0922, 2012 WL 5505775, at *2 (S.D. Cal. Nov. 13, 2012); Davis v. Social Service Coordinators, Inc., No. 10-02372, 2012 WL 2376217 (E.D. Cal. June 22, 2012); Rich v. Hewlett–Packard Co., No. 06-03361, 2009 WL 2168688 (N.D. Cal. Jul. 20, 2009).

This motion, however, is not an opposed motion for class certification. It is a motion to certify a class only for settlement purposes, and also requests the Court's preliminary approval of the settlement of this case. As the Federal Circuit noted in a recent case applying Ninth Circuit law, "in In re Midland, the Ninth Circuit applied the 'compelling reasons' standard to a Daubert motion because it 'may be effectively dispositive of a motion for summary judgment.'" Apple Inc. v. Samsung Electronics Co., Ltd., ___ F.3d ___, 2012-1600, 2013 WL 4487610, at *6 (Fed. Cir. Aug. 23, 2013) (quoting In re Midland Nat. Life Ins. Co. Annuity Sales Practices Litig., 686 F.3d 1115, 1119 (9th Cir. 2012). Similarly, a motion seeking the Court's preliminary approval of the settlement of the case may be effectively dispositive. While the Court has not identified any authority discussing the appropriate standard for a motion of this type, the Court concludes that the "compelling reasons" standard is the appropriate standard.

In its declaration in support of sealing, Defendant has explained that the information sought to be sealed reveals "(1) the frequency with which eBay users use the optional feature fees in question; (2) the revenue eBay earned from those optional feature fees; (3) the percentage of time that eBay users initiate mobile listings via a non-mobile eBay listing method, as opposed to through a mobile application; (4) the number of eBay users who placed a listing using eBay Mobile and had an optional feature fee applied to their listing during the relevant time period; and (5) how many of these users have active (as opposed to non-active) eBay accounts." Declaration of Brian Hsu in Support of Administrative Motion to Seal ("Hsu Decl."), ECF No. 59-1, ¶ 4.

Defendant maintains that eBay maintains significant effort to maintain the secrecy of this information even among eBay personnel and certainly outside of the company, and that it derives significant economic benefit from the secrecy of the information which would otherwise be used

by its competitors. Hsu Decl., ¶¶ 7-8. In particular, competitors could use the information to determine whether it would be profitable to provide similar features to its own consumers, essentially using eBay's own business investments and experience for its own benefit. Id., ¶ 8.

"'[C]ompelling reasons' sufficient to outweigh the public's interest in disclosure and justify sealing court records exist when such 'court files might have become a vehicle for improper purposes,' such as the use of records to gratify private spite, promote public scandal, circulate libelous statements, or release trade secrets." Kamakana, 447 F.3d at 1179 (quoting Nixon v. Warner Communications, Inc., 435 U.S. 589, 598 (1978). The Nixon court also noted that the "common-law right of inspection has bowed before the power of a court to insure that its records" are not used as "sources of business information that might harm a litigant's competitive standing." 435 U.S. at 598.

The Ninth Circuit, in an unpublished opinion, has identified a trade secret in this context as "any formula, pattern, device or compilation of information which is used in one's business, and which gives him an opportunity to obtain an advantage over competitors who do not know or use it." In re Elec. Arts, Inc., 298 F. App'x 568, 569 (9th Cir. 2008) (quoting Restatement of Torts § 757, cmt. b). In that case, applying Kamakana and Nixon, the Ninth Circuit reversed a district court for refusing to seal information that qualified under this standard. In re Elec. Arts, Inc., 298 Fed. App'x. at 569. In Apple, the Federal Circuit similarly concluded that under Ninth Circuit law, pricing, profit, and customer usage information, when kept confidential by a company, is appropriately sealable under the "compelling reasons" standard where that information could be used to the company's competitive disadvantage. 2013 WL 4487610, at *6, 9, 11.

Defendant eBay has persuasively demonstrated that it makes significant efforts to maintain the secrecy of the information, and that publicizing the information would subject it to significant competitive disadvantage. Therefore, on these facts, the information qualifies as sealable under the "compelling reasons" standard.

However, the proposed sealing order is not "narrowly tailored to seek sealing only of sealable material," as required by Civil Local Rule 79-5(b), since it seeks to file the entirety of the

5

Vasireddy Declaration under seal. While paragraphs 4-6 of the Vasireddy Declaration include information that is sealable (namely, the specific numbers of users and the amounts of optional fees they paid), the most narrowly tailored order would redact those figures rather than seal the declaration as a whole. The remainder of the declaration provides useful information about the formula of the parties' Total Class Recovery calculation, even if the actual variables are redacted. Therefore, the Motion to Seal is denied in part insofar as it seeks to seal the entire Vasireddy Declaration rather than redact it. The motion to seal is otherwise granted.

To be clear, the Kamakana standard relates to the *general public*'s right of access the Court's records. Since this motion is one for preliminary class certification, the secrecy of the information could implicate the right of *parties* (i.e., members of the Proposed Class) to know basic information about the resolution of their claims. After certification, if a Class Member seeks access to this information, the Court is likely to provide it, after providing Defendant with notice and an opportunity to comment. As Defendant's counsel suggested at oral argument, such a request could be addressed through the signing of a protective order, if appropriate.

## III. CONCLUSION

The administrative motion to file under seal is GRANTED IN PART and DENIED IN PART. Pursuant to Civil Local Rule 79-5(f)(3), the parties may file a new version of the Joint Motion that comports with this order in not less than seven days.

**IT IS SO ORDERED.**

Dated: October 11, 2013

_____
JON S. TIGAR
United States District Judge