UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| TASHA KEIRSEY,<br><br>    Plaintiff,<br><br>    v.<br><br>EBAY, INC,<br><br>    Defendant. | Case No. 12-cv-01200-JST<br><br>**ORDER GRANTING MOTION FOR ORDER CONDITIONALLY CERTIFYING A SETTLEMENT CLASS AND PRELIMINARILY APPROVING PROPOSED SETTLEMENT**<br><br>Re: ECF No. 63. |

Plaintiff Tasha Keirsey and Defendant eBay, Inc. have jointly moved this Court for an Order: (1) conditionally certifying a settlement class & related settlement; (2) authorizing the distribution of a notice of settlement; and (3) setting a scheduling for the final approval process. ECF No. 53. After considering the papers, the arguments of the parties at oral argument, and good cause appearing, the Court hereby GRANTS the motion.

**I.    BACKGROUND**

    **A.    Keirsey's Claims**

Plaintiff claims that Defendant charged her excessive fees for listing items for sale using the eBay Mobile Application ("eBay App"), which allows sellers to list items for sale on eBay's websites through the sellers' mobile device. Plaintiff's Original Class Action Complaint ("Complaint"), ECF No. 1, ¶ 14. Plaintiff claims that, in addition to the normal fees for listing an item, she was also charged certain optional fees for additional features that she did not select and of which she was not informed. Id. Defendant claims that it properly disclosed all fees, and that Plaintiff was aware of all fees she was charged. Defendant particularly maintains that there can be no liability for any user who chose additional features and incurred the optional fees when placing an item through the eBay website, and then subsequently re-listed or copied the same listing using

the eBay App.

### B. Procedural History

Plaintiff instituted this action in March 2012, bringing claims on behalf of herself and others similarly situated for breach of contract, breach of the implied covenant and fair dealing, and unjust enrichment. Complaint. In May 2012, the Court granted in part and denied in part Defendant's motion to dismiss, dismissing only the claim for unjust enrichment. ECF No. 35.

The parties brought the first iteration of this joint motion in August, and then received leave of court to withdraw it and submit this revised version, which the Court now considers. ECF Nos. 53 & 56.

### C. Jurisdiction

Plaintiff asserts, and Defendant does not dispute, that this Court has subject matter jurisdiction pursuant to 28 U.S.C. § 1332(d)(2). This action was filed a class action, Plaintiff asserted in the complaint that the aggregate amount in controversy exceeds the sum of $5 million,[1] and Plaintiff asserts, and Defendant does not deny, that a substantial number of class members reside in states other than California and Delaware, of which Defendant eBay is a citizen.

## II.  CONDITIONAL CLASS CERTIFICATION

### A. Legal Standard

Class certification under Rule 23 is a two-step process. First, Plaintiff must demonstrate that the four requirements of 23(a) are met: "numerosity," "commonality," "typicality," and "adequacy." "One or more members of a class may sue or be sued as representative parties on behalf of all members only if (1) the class is so numerous that joinder of all members is

---

[1] The joint motion makes clear that the total potential liability in this case is, in fact, far less than $5 million. However, "[f]or jurisdictional purposes, our inquiry is limited to examining the case 'as of the time it was filed in state court,'" Standard Fire Ins. Co. v. Knowles, ___ U.S. ___, 133 S. Ct. 1345, 1349 (2013) (quoting Wisconsin Dept. of Corrections v. Schacht, 524 U.S. 381, 390 (1998)), or, in this case, as of the time it was filed in federal court pursuant to CAFA. The Court has no reason to believe the Plaintiff lacked a good-faith basis to believe the amount in controversy would exceed $5 million at the time the case was filed.

impracticable; (2) there are questions of law or fact common to the class; (3) the claims or defenses of the representative parties are typical of the claims or defenses of the class; and (4) the representative parties will fairly and adequately protect the interests of the class." Fed. R. Civ. Pro. 23(a).

Second, a party must also establish that one of the bases for certification in Rule 23(b) are met. Here, the parties invoke 23(b)(3), which requires them to prove the elements of "predominance" and "superiority": "questions of law or fact common to class members predominate over any questions affecting only individual members, and . . . a class action is superior to other available methods for fairly and efficiently adjudicating the controversy." Fed. R. Civ. Pro. 23(b)(3).

**B.  Analysis**

For the reasons set forth more fully below, the Court certifies for purposes of settlement the following Settlement Class:

> all natural persons and entities who are United States residents who, between January 1, 2009 and October 31, 2012 (the "Class Period"), listed items for sale on eBay's websites using eBay Mobile (via iPhone, iPad, Blackberry, Android or the eBay Mobile website), and incurred Picture Pack, Gallery Plus, and International Listing fees (collectively, the "Disputed Fees") in connection with such listings.

eBay Customers that are entities will be deemed to be "in the United States" if the primary contact information for the entity in eBay's current records is an address within the United States. This class definition and certification is made for settlement purposes only.

The Court finds that the Settlement Class is so numerous that joinder of all members is impracticable. In particular, the Court has studied the parties' submissions regarding the very numerous User IDs associated with even more numerous unique listings during the Class Period.

The Court also finds that there are questions or law or fact common to the Settlement Class. In addition, pursuant to Rule 23(b)(3), the Court finds that, for settlement purposes, the questions of law or fact common to the Class Members predominate over any questions affecting only individual members. Among other things, this case arises out of uniform web pages set forth

1    in the User Agreement, the Disputed Fees and selection of corresponding optional features, and

2    the functionality of eBay App.  In addition, the question of whether the settlement is fair,

3    reasonable, and adequate to the Settlement Class presents a predominantly common issue.

4        The Court finds that, for settlement purposes, the claims or defenses of the representative

5    Plaintiff are typical of the claims or defenses of the Settlement Class.  Plaintiff Keirsey alleges to

6    have placed listings via eBay Mobile and to have incurred Disputed Fees even though she did not

7    select the optional features associated with the Disputed Fees.  There is no allegation or evidence

8    that Keirsey seeks any relief different from other members of the Settlement Class; and the

9    Settlement Agreement provides for the same calculation for relief to Keirsey as for other

10   Settlement Class Members.

11       The Court finds, for settlement purposes, that Plaintiff Keirsey will fairly and adequately

12   protect the interests of the Settlement Class.  The Court finds that there are no conflicts of interest

13   between Keirsey and any proposed Class Member.  Keirsey had listings placed via eBay Mobile

14   during the proposed Class Period and will be subject to the same pro rata calculation of relief as

15   any other Class Member.

16       In addition, the Court finds that Plaintiff's counsel has extensive experience in class action

17   cases and has conducted discovery, research, and investigation of the Settlement Class claims.  As

18   set forth more fully below regarding the adequacy of the settlement, the Court further finds that

19   Plaintiff's counsel has diligently and fairly represented the best interests of the Settlement Class.

20       The Court further finds that certification of this class for settlement purposes is superior to

21   other available methods for fairly and efficiently adjudicating the controversy.  The Court finds

22   that individual Class Member's interests in controlling the prosecution or defense of the separate

23   actions are very small, given that the Disputed Fees per transaction were typically under $2.00.

24   This sum is insufficient to motivate individual Class Members to bring any type of individual

25   claim in any forum.  The Court also finds that there is no other litigation concerning the

26   controversy already begun by or against Class Members.  The Court finds it is desirable to

27   concentrate the litigation of the claims in this particular forum because, among other things, it is

28

1    the forum of choice in the User Agreement and the User Agreement at issue at the time the action
2    was filed selected California law. Moreover, the parties have consented to concentrating this
3    litigation in this Court.

4    The Court further finds that, particularly with the aid of the Class Administrator and the
5    production of necessary data by eBay, there are no likely difficulties in managing the settlement of
6    this class action. eBay has committed to providing the relevant data in its possession necessary to
7    identify Class Members and to enable the Claims Administrator to calculate the relief due each
8    Class Member. This relief will be calculated as a *pro rata* share of Disputed Fees incurred by
9    each Class Member in comparison to all such fees for the Settlement Class as a whole. The Court
10   finds that this should not be a particularly difficult process and that the parties have adequately
11   anticipated and provided for the necessary administrative tasks to accomplish the administration.

12   The Court further appoints the law firm of Figari & Davenport, L.L.P as Class Counsel for
13   settlement purposes under Rule 23(g) of the Federal Rules of Civil Prcocedure, and authorizes
14   eBay to retain a Class Administrator in its discretion, subject to supervision by Class Counsel. In
15   doing so, the Court has considered the work Class Counsel has done identifying and investigating
16   potential claims in the action, Class Counsel's experience in handling class actions, other complex
17   litigation, and the types of claims asserted in the action, Class Counsel's knowledge of the
18   applicable law, and Class Counsel's resources that it will commit to representing the Settlement
19   Class. The Court specifically finds that Class Counsel fulfills all of the foregoing requirements
20   and that Class Counsel will fairly and adequately represent the interests of the Settlement Class.

21   **III.    PROPOSED CLASS NOTICE**
22       **A.    Legal Standard**
23   "The court must direct notice in a reasonable manner to all class members who would be
24   bound by the proposal." Fed. R. Civ. P. 23(e)(1). "Notice is satisfactory if it 'generally describes
25   the terms of the settlement in sufficient detail to alert those with adverse viewpoints to investigate
26   and to come forward and be heard.'" Churchill Vill., L.L.C. v. Gen. Elec., 361 F.3d 566, 575 (9th
27   Cir. 2004) (quoting Mendoza v. Tucson Sch. Dist. No. 1, 623 F.2d 1338, 1352 (9th Cir.1980).
28

1   "Notice [must] contain[] adequate information, presented in a neutral manner, to apprise class
2   members of the essential terms and conditions of the settlement." Rodriguez v. W. Publ'g Corp.,
3   563 F.3d 948, 962 (9th Cir. 2009)

### B. Analysis

The parties' proposed notice and notice procedures are adequate and comport with due process.

The Manual for Complex Litigation states that any notice should "provide information that will enable class members to calculate or at least estimate their individual recoveries, *including estimates of the size of the class* and any subclasses." Manual for Complex Litigation (4th) § 21.312 (emphasis added). Because certain information in the declarations in support of this motion was filed under seal, neither the notice nor the files of this case explicitly disclose to the Proposed Class the size of the class.

The Court does not find that the notice is inadequate on this basis. The standard for Rule 23(e) notices "does not require detailed analysis of the statutes or causes of action forming the basis for the plaintiff class's claims, and it does not require an estimate of the potential value of those claims." Lane v. Facebook, Inc., 696 F.3d 811, 826 (9th Cir. 2012). However, as discussed in the Court's sealing order, the Court is likely to require any Class Member who may request the information be provided with the basis of the parties' Total Settlement calculation, in order for that Class Member to be able to evaluate the reasonability of the settlement agreement.

### IV. APPROVAL OF PROPOSED SETTLEMENT

### A. Legal Standard

The Ninth Circuit maintains a "strong judicial policy" that favors the settlement of class actions. Class Plaintiffs v. City of Seattle, 955 F.2d 1268, 1276 (9th Cir. 1992). Nonetheless, the settlement of a certified class action must still be fair, adequate, and reasonable. Fed. R. Civ. P. 23(e)(2). Where the "parties reach a settlement agreement prior to class certification, courts must peruse the proposed compromise to ratify both the propriety of the certification and the fairness of the settlement." Staton v. Boeing Co., 327 F.3d 938, 952 (9th Cir. 2003). In these situations,

settlement approval "requires a higher standard of fairness and a more probing inquiry than may normally be required under Rule 23(e)." Dennis v. Kellogg Co., 697 F.3d 858, 864 (9th Cir. 2012) (citation and internal quotation marks omitted).

In examining a pre-certification settlement agreement, a district court "must be particularly vigilant not only for explicit collusion, but also for more subtle signs that class counsel have allowed pursuit of their own self-interests and that of certain class members to infect the negotiations." In re Bluetooth Headset Prods. Liab. Litig., 654 F.3d 935, 947 (9th Cir. 2011). "It is the settlement taken as a whole, rather than the individual component parts, that must be examined for overall fairness." Hanlon v. Chrysler Corp., 150 F.3d 1011, 1026 (9th Cir. 1998) (citation omitted). A court may not "delete, modify or substitute certain provisions" of the settlement; rather "[t]he settlement must stand or fall in its entirety." Id.

Preliminary approval of a settlement and notice to the proposed class is appropriate if "the proposed settlement appears to be the product of serious, informed, non-collusive negotiations, has no obvious deficiencies, does not improperly grant preferential treatment to class representatives or segments of the class, and falls with the range of possible approval." In re Tableware Antitrust Litig., 484 F. Supp. 2d 1078, 1079 (N.D. Cal. 2007) (citation omitted).

**B.     Analysis**

The Court has carefully reviewed the proposed settlement and finds that it appears to be the product of serious, informed, non-collusive negotiations, and that it has no obvious deficiencies. The scope of release is limited only to claims which arise out the factual allegations made in this action. The proposed *cy pres* award would be distributed to organizations devoted to consumer protection and fair internet trade, such that there is "a driving nexus between the plaintiff class and the *cy pres* beneficiaries." Nachshin v. AOL, LLC, 663 F.3d 1034, 1038 (9th Cir. 2011).

The parties propose, as a default option, that Class Members who are active eBay users be compensated with a credit to their current account balance. The Court is ordinarily concerned that offering an award in the form of credits or coupons might result in a grant of preferential

1  treatment. See, e.g., Custom Led, LLC v. eBay, Inc., Case No. 12-CV-00350-JST, 2013 WL
2  4552789, at *8 (N.D. Cal. Aug. 27, 2013). However, in this case, given the small amount that any
3  individual Class Member would be likely to receive weighed against the cost of mailing individual
4  checks, the Court concludes that an account credit is an appropriate way to distribute the
5  settlement. Moreover, the parties propose a very clear procedure for any active eBay user who
6  prefers a check to receive one, and any Class Members who are not active eBay users will receive
7  a check by default.

8  The Court also concludes that the proposed settlement amount falls within the range of
9  possible approval. The Proposed Settlement amount is a very large fraction of the total amount of
10 disputed fees at issue in this case. Most of the total disputed fees were charged to users who did
11 not originally list their items for sale with the eBay App, and eBay has stronger defenses against
12 those users' claims. Given eBay's potential defenses, and the cost of litigation, the amount of the
13 settlement is reasonable.

14 The Court therefore preliminarily approves the terms of the Settlement Agreement, subject
15 to further consideration thereof at the Final Fairness hearing provided for below, and subject to the
16 following additional procedures:

17 1. Within thirty (30) days of entry of this Order, the initial dissemination of E-Mail
18 notice shall be made to the Settlement Class in accordance with the Settlement Agreement and the
19 notice program shall thereafter be executed as set forth in the Settlement Agreement.

20 2. Non-substantive changes may be made to the E-Mail Notice by agreement of the
21 Parties, without further order of this Court.

22 3. Prior to the Final Fairness Hearing, Class Counsel shall serve and file a sworn
23 statement attesting to compliance with the provisions of paragraph 1 of this Order.

24 4. The actions set forth in paragraph 1 of this Order are hereby found to be reasonably
25 calculated to provide direct notice to Class Members and, when completed, shall constitute due
26 and sufficient notice of the proposed settlement and the Final Fairness Hearing to the persons
27 affected by and/or entitled to participate in the settlement, in full compliance with all applicable

requirements of law including, but not limited to, Rule 23(c) of the Federal Rules of Civil Procedure and the Due Process Clause of the Fourteenth Amendment of the United States Constitution.

5. Within 90 days of entry of this Order, Class Counsel shall file a motion for final approval of the Settlement.

6. Within 45 days of entry of this Order, Class Counsel shall file their application for attorneys' fees and expenses and request for enhancement award to the Class Representative ("Fee Application").

7. A hearing on final settlement approval (the "Final Fairness Hearing") is hereby scheduled to be held before the undersigned on Thursday, February 13, 2014, at 2:00 P.M. in Courtroom 9, 19th Floor, at the United States District Court for the Northern District of California, San Francisco Division, 450 Golden Gate Avenue, San Francisco, CA 94102, to consider: (a) the fairness, reasonableness and adequacy of the proposed Settlement; (b) the dismissal of this Litigation with prejudice as to Defendant and the entry of final Judgment in the Litigation; (c) whether the distribution plan of settlement proceeds should be approved; (d) whether an award of attorneys' fees, costs and expenses should be made to Class Counsel; and (e) whether an enhancement award should be made to the Class Representative.

8. The Court directs that any person or entity who is a member of the Class and who wishes to exclude himself, herself, itself, or themselves from the Class shall, by sending an email or mail a letter or postcard to the Settlement Administrator stating (a) the title of the Action: "Tasha Keirsey v. eBay Inc., Case No. 3:12-CV-01200 JST"; (b) the full name, address, telephone number (optional) and email address associated with the eBay account of the person requesting exclusion; (c) a statement that he/she does not wish to participate in the Settlement; and (d) a signature of the Class Member requesting exclusion. No Opt-Out/Exclusion Request will be valid unless all of the information above is included. So-called "mass" or "class" opt-outs purporting to be made on behalf of multiple persons or classes of persons shall not be allowed and shall be deemed invalid. If submitted by mail, the letter, postcard or form on which the request for

exclusion is made must be postmarked on or before January 11, 2014, with postage paid by the person requesting exclusion. If submitted by email, the Opt-Out/Exclusion Request must be submitted by 11:59 p.m. Eastern Standard Time on January 11, 2014. Any Class Member who does not serve a valid and timely written Opt-Out/Exclusion Request shall be bound by all subsequent proceedings, orders and judgments. Only Class Members who serve valid and timely Opt-Out/Exclusion Requests will be deemed to have opted out of the Class.

9. Any Class Member may appear at the Final Fairness Hearing in person or by counsel and may be heard, to the extent allowed by the Court, either in support of or in opposition to the fairness, reasonableness and adequacy of the proposed settlement and the dismissal of the Litigation with prejudice as to Defendant and the entry of Judgment; provided, however, that no person shall be heard in opposition to such settlement, dismissal and/or entry of Judgment, and no papers or briefs submitted by or on behalf of any such person shall be accepted or considered by the Court, unless that person files a written objection with the Court and delivers a copy of the objection to Class Counsel and eBay's Counsel no later than January 11, 2014. The delivery date is deemed to be the date the objection is deposited in the U.S. Mail as evidenced by the postmark. It shall be the objector's responsibility to ensure receipt of any objection by the Court, Class Counsel, and eBay's Counsel. To be considered by the Court, the objection must include: (1) a heading containing the name and case number of the Action: Tasha Keirsey v. eBay Inc., Case No. 3:12-CV-01200 JST; (2) the Class Member's name, valid email address, postal address, and telephone number; (3) a detailed statement of each objection and the factual and legal basis for each objection, and the relief that the Class Member is requesting; (4) a list of and copies of all documents or other exhibits which the Class Member may seek to use at the Fairness Hearing; and (5) a statement of whether the Class Member intends to appear, either in person or through counsel, at the Fairness Hearing, and if through counsel, a statement identifying the counsel's name, postal address, phone number, email address, and the state bar(s) to which the counsel is admitted. Any Class Member who files and serves a written objection as required herein has the option to appear at the Fairness Hearing, either in person or through personal counsel hired at the

1  Class Member's expense, to object to the fairness, reasonableness, or adequacy of the Settlement
2  Agreement or the proposed Settlement, or to the award of attorneys' fees and costs.  However,
3  Class Members or their attorneys intending to make an appearance at the Fairness Hearing must
4  include a statement of intention to appear in the written objection filed with the Court and
5  delivered to Class Counsel, and eBay's Counsel, and only those Class Members who include such
6  a statement may speak at the Fairness Hearing.  If a Class Member makes an objection or appears
7  at the Fairness Hearing through an attorney, the Class Member will be responsible for his or her
8  personal attorney's fees and costs.  The relevant addresses for Plaintiff's Counsel and eBay's
9  Counsel are below:

| Class Counsel | Counsel for eBay Inc. |
| --- | --- |
| Keith R. Verges | Whitty Somvichian |
| Figari & Davenport, LLP | Cooley LLP |
| 901 Main St., Ste. 3400 | 101 California Street, 5th Floor |
| Dallas, TX  75202-3796 | San Francisco, CA 94111-5800 |

10. Responses to any objection or opposition to the proposed settlement or Fee Application shall be filed no later than February 8, 2014.

11. The date and time of the Final Fairness Hearing shall be set forth in the E-Mail Notice and Settlement Website, but shall be subject to adjournment by the Court without further notice to the Class Members other than that which may be posted at the Court or on the Court's website at www.cand.uscourts.gov/.

12. Terms used in this Order that are defined in the Settlement Agreement are, unless otherwise defined herein, used in this Order as defined in the Settlement Agreement.

13. The Court retains continuing and exclusive jurisdiction over the Settlement, including all future proceedings concerning the administration, consummation and enforcement of this Agreement;

14. The Claims Administrator shall administer the settlement so as to facilitate administrative matters and the distribution of payments to the Class Members and cy pres recipient in accordance with the terms and conditions of the Settlement Agreement.

15. It shall be the Administrator's responsibility to prepare and provide the notices

11

1   required by the Class Action Fairness Act of 2005, Pub. L. 109-2 (2005), including, but not

2   limited to, the notices to the United States Department of Justice and to the Attorneys General of

3   all states in which Class members reside, as specified in 28 U.S.C. § 1715. Class Counsel shall

4   cooperate in the drafting of such notices and Defendant shall provide Class Counsel with any and

5   all information in its possession necessary for the preparation of these notices.

6         16.    In the event that the Settlement is terminated in accordance with the provisions of

7   the Settlement Agreement, the Settlement and all proceedings had in connection therewith shall be

8   null and void, except insofar as expressly provided to the contrary in the Settlement Agreement,

9   and without prejudice to the status quo ante rights of the Defendant and the Class Members.

10        17.    All proceedings in the Litigation against the Defendant are hereby stayed until such

11  time as the Court renders a final decision regarding the approval of the Settlement and, if it

12  approves the Settlement, enters Judgment as provided in the Settlement Agreement.

13        18.    Plaintiff and all members of the Class and any other person, representative, or

14  entity acting on behalf of any members of the Class are, until the Fairness Hearing, barred and

15  enjoined from filing, commencing, prosecuting, maintaining, intervening in, participating in (as

16  members of a class action or otherwise), any claim, lawsuit, arbitration, administrative, regulatory

17  or other proceeding arising out of the Released Claims against any of the Released Persons. The

18  Court finds that issuance of this preliminary injunction is necessary and appropriate in aid of the

19  Court's jurisdiction over the Litigation and to protect and effectuate the Court's review of the

20  Settlement.

21        19.    Nothing in this Order shall be construed or used as an admission, concession, or

22  declaration by or against Defendant for any fault, wrongdoing, breach or liability. Nor shall this

23  Order be construed or used as an admission, concession, or declaration by or against Plaintiff or

24  members of the Class that their claims lack merit of that the relief requested in the operative

25  Complaint in this Litigation is inappropriate, improper, or unavailable, or as a waiver by any party

26  of any defenses or claims he, she, or it may have; nor shall this Order be construed as a finding or

27  conclusion of the Court with respect to the merit or lack of merit of any claim asserted in the

28

1 Litigation or the defense to any Claim asserted in the Litigation.

2 **VII. CONCLUSION**

3 The parties' joint motion is GRANTED. ECF No. 63. The parties' previously submitted
4 joint motion at ECF No. 53, is TERMINATED, since the instant motion supersedes it. A Final
5 Fairness Hearing is hereby NOTICED for Thursday, February 13, 2014, at 2:00 P.M.

6 **IT IS SO ORDERED.**

7 Dated: October 22, 2013



_____
JON S. TIGAR
United States District Judge

13