UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| TASHA KEIRSEY,<br><br>       Plaintiff,<br><br>   v.<br><br>EBAY, INC,<br><br>       Defendant. | Case No.  12-cv-01200-JST<br><br>**ORDER GRANTING MOTION FOR ORDER FINALLY APPROVING CLASS ACTION SETTLEMENT; JUDGMENT**<br><br>Re: ECF No. 74. |

## I.    INTRODUCTION

Plaintiff Tasha Keirsey ("Plaintiff"), on behalf of herself and all those similarly situated, and Defendant eBay Inc., have jointly moved pursuant to Rule 23(e) of the Federal Rules of Civil Procedure for an order finally approving the settlement of this action.  ECF No. 74.  The Court held a final fairness hearing on the settlement on February 13, 2014.

## II.    BACKGROUND

### A.    Factual Background and Procedural History

In a previous order issued on October 23, 2013, the Court granted preliminary approval to the proposed settlement and conditionally certified the Class.  Order Granting Motion for Order Conditionally Certifying a Settlement Class and Preliminarily Approving Proposed Settlement ("Preliminary Order"), ECF No. 67.  As described more fully in the Preliminary Order, the action arises out of Plaintiff's claims that Defendant charged her excessive fees for listing items for sale using the eBay Mobile Application ("eBay App").  The Court incorporates by reference its description of the parties and claims from the Preliminary Order.

### B.    Jurisdiction

This Court has subject matter jurisdiction pursuant to 28 U.S.C. § 1332(d)(2).  This action was filed a class action, Plaintiff asserted in the complaint that the aggregate amount in

controversy exceeds the sum of $5 million, and Plaintiff asserts, and Defendant does not deny, that a substantial number of class members reside in states other than California and Delaware, of which Defendant eBay is a citizen.

### C.      Legal Standard

"The claims, issues, or defenses of a certified class may be settled, voluntarily dismissed, or compromised only with the court's approval."  Fed. R. Civ. Pro. 23(e).  "Adequate notice is critical to court approval of a class settlement under Rule 23(e)."  Hanlon v. Chrysler Corp., 150 F.3d 1011, 1025 (9th Cir. 1998).  In addition, Rule 23(e) "requires the district court to determine whether a proposed settlement is fundamentally fair, adequate, and reasonable."  Id. at 1026.  "Assessing a settlement proposal requires the district court to balance a number of factors: the strength of the plaintiffs' case; the risk, expense, complexity, and likely duration of further litigation; the risk of maintaining class action status throughout the trial; the amount offered in settlement; the extent of discovery completed and the stage of the proceedings; the experience and views of counsel; the presence of a governmental participant; and the reaction of the class members to the proposed settlement."  Id.

## III.    ANALYSIS

### A.      Class Notice

The Court already preliminarily approved the form of class notice, primarily through email, in the Preliminary Order.  Since then, it appears that only a small fraction of emails were not delivered, and the Class Administrator sent postcard notice to those persons whose emails were undeliverable and whose addresses were available.  Declaration of Jeffrey D. Dahl ("Dahl Decl.") ¶¶10-14, ECF No. 74-1.  Moreover, information about the case has been available at the class website and through internet news sources.  The Court finds that the form and method of notice was proper.

### B.      Fairness, Adequacy and Reasonableness of Settlement

The Court re-adopts its conclusions regarding the adequacy of the Settlement from its Preliminary Order.  Since then, no Class Member has appeared to object to the Settlement (either in writing or at the Final Fairness Hearing), and only two have opted out.  Dahl Decl. ¶ 22.

United States District Court
Northern District of California

2

Since the Preliminary Order was issued, the parties have advised the Court that they are unable to provide payments to a very small fraction of the Class, because those members do not have active eBay accounts that can be credited, and the parties were unable, after diligent investigation, to acquire those Class Members' addresses to mail them checks. The Court hereby orders that the small portion of the Settlement Award that would otherwise be disseminated to those Class Members instead be redistributed *pro rata* to the remaining members of the Class for whom contact information is available. With this modification to the settlement plan, the Court re-affirms its conclusion that the settlement is fair and reasonable.

The Court also finds that the plan of distribution is reasonable, fair and adequate.

## IV.    CONCLUSION

For the foregoing reasons, it is hereby ORDERED that:

1.    As used in this Order the capitalized terms not otherwise defined herein have the meanings set forth in the Settlement Agreement.

2.    This Court has jurisdiction over the subject matter of the Litigation and over all Class Members, and to consider and enter this Order.

3.    The notice given to Class Members of the Settlement and related matters constitutes the best notice practicable under the circumstances and complies in all respects with the requirements of the Federal Rules of Civil Procedure, the Constitution of the United States, and all other applicable laws.

4.    The Court has been advised that a full opportunity was provided for members of the Class to provide any objections to the Settlement. No objections were filed.

5.    Class Representatives and Class Counsel on the one hand and Defense Counsel and Defendant on the other have conducted arm's length negotiations in good faith, which resulted in the proposed Settlement reflected in the Settlement Agreement.

6.    The parties have submitted evidence demonstrating, and the Court finds, that Defendant has provided the notices as required by the Class Action Fairness Act of 2005, Pub. L. 109-2 (2005), and specified in 28 U.S.C. § 1715.

7.    Pursuant to Rule 23 of the Federal Rules of Civil Procedure, this Court hereby

United States District Court
Northern District of California

approves the Settlement as set forth in the Settlement Agreement, finds that said Settlement is, in all respects, fair, reasonable, and adequate with respect to the Class, and directs that the Settlement be consummated in accordance with the terms and conditions set forth in the Settlement Agreement. The Settlement Agreement is hereby incorporated by reference.

8.      Each Plaintiff and each Class Member, and any other Person claiming (now or in the future), through or on behalf of any Plaintiff or Class Member, regardless of whether any such Plaintiff or Class Member ever seeks or obtains by any means any distribution from the Net Settlement Fund established pursuant to the Settlement Agreement, shall be deemed to have fully, finally, and forever released, relinquished, and discharged all Released Claims (including unknown claims) against the Releasees. Each Plaintiff and each Class Member also shall be deemed to have covenanted not to sue the Releasees with respect to all Released Claims, and shall be permanently barred and enjoined from instituting, commencing, prosecuting or asserting any Released Claim against the Releasees.

9.      Those persons appearing on the list annexed hereto as Exhibit A have properly and timely requested exclusion from the Class, pursuant to the terms of this Court's Hearing Order and are excluded from the Class, shall not be bound by this Final Order and Judgment, nor receive any benefit thereunder.

10.     The Settlement shall not be deemed to constitute an admission or finding of liability or wrongdoing on the part of Defendant, or any Plaintiff, Class Members, or Releasees.

11.     The Distribution Plan described in the Settlement Agreement, the Motion, exhibits to the Motion, and related documents is adjudged to be fair, reasonable and adequate and is hereby approved, with the modification that any portion of the Settlement Fund that would otherwise have been distributed to persons for whom Defendant has no contact information will instead be distributed *pro rata* to Class Members for whom contact information is availabe, and who have not opted out.

United States District Court
Northern District of California

4

United States District Court
Northern District of California

Except as required under the Settlement Agreement or unless this Judgment is stayed by a subsequent order of the Court, the pendency of any appeal from this Judgment shall not affect the completion of the Distribution Plan. Class Counsel and the Settlement Administrator are therefore directed to proceed with the Distribution Plan as soon as reasonably practicable after the date when this Judgment becomes Final as defined in the Settlement Agreement.

12.  Class Counsel are hereby awarded (i) attorneys' fees in the amount of $30,000.00, and (ii) reimbursement of their reasonable documented expenses incurred in an amount not to exceed $4,000.00. Such amounts are to be paid to Class Counsel from the Settlement Fund within thirty (30) days after the Effective Date, and in accordance with Paragraph 2.1(b) of the Settlement Agreement.

13.  Subject to Court approval, any balance remaining in the Net Settlement Fund at the end of the Distribution Plan (whether by reason of uncashed checks or otherwise) shall be disbursed pro rata to National Cyber-Forensics and Training Alliance and National Consumer Law Center.

14.  Defendant and the Releasees shall not be liable for any additional fees or expenses for Class Counsel or counsel of any Plaintiff or Class Member in connection with the Litigation, beyond those expressly provided in the Settlement Agreement.

15.  Without further order of the Court, the Settling Parties may agree to reasonable extensions of time to carry out any of the provisions of the Settlement Agreement.

16.  Jurisdiction is reserved, without affecting the finality of this Final Order and Judgment, over:

a.  Effectuating the Settlement and the terms of the Settlement Agreement, including the payment of Class Counsel's attorneys' fees and reimbursement of expenses, including any interest accrued thereon;

b.  Supervising all aspects of the administration of the Settlement;

c.  Determining whether, in the event an appeal is taken from any aspect of this Final Order and Judgment, notice should be given at the appellant's expense

5

to some or all Class Members apprising them of the pendency of the appeal and such other matters as the Court may order;

    d.    Enforcing and administering the Settlement Agreement and the Settlement including any releases executed in connection therewith, and the provisions of this Final Order and Judgment;

    e.    Adjudicating any disputes that arise under the Settlement Agreement; and

    f.    Any other matters related or ancillary to the foregoing.

17.    This Judgment is a final judgment in the Litigation as to all claims among Defendant, on the one hand, and the Plaintiff and all Class Members, on the other. By reason of the Settlement, and approval hereof, there is no just reason for delay and this Final Order and Judgment shall be deemed a final judgment pursuant to Rule 54(b) of the Federal Rules of Civil Procedure.

**IT IS SO ORDERED.**

Dated: February 14, 2014

_____
JON S. TIGAR
United States District Judge

United States District Court
Northern District of California