UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| TASHA KEIRSEY,<br><br>    Plaintiff,<br><br>    v.<br><br>EBAY, INC,<br><br>    Defendant. | Case No. 12-cv-01200-JST<br><br>**ORDER GRANTING IN PART AND DENYING IN PART PLAINTIFF'S MOTION FOR ATTORNEY'S FEES AND EXPENSES AND CLASS REPRESENTATIVE INCENTIVE COMPENSATION AWARDS**<br><br>Re: ECF No. 68 |

## I. INTRODUCTION

Plaintiff Tasha Keirsey has moved for an award of attorney's fees and expenses and a class representative incentive compensation award, in connection with the settlement of this class action. ECF No. 68 ("Motion"). The matter came for hearing on February 13, 2014.

## II. LEGAL STANDARD

### A. Attorney's Fees

"In a certified class action, the court may award reasonable attorney's fees and nontaxable costs that are authorized by law or by the parties' agreement." Fed. R. Civ. P. 23(h). "Where a settlement produces a common fund for the benefit of the entire class, courts have discretion to employ either the lodestar method or the percentage-of-recovery method." In re Bluetooth Headset Products Liab. Litig., 654 F.3d 935, 942 (9th Cir. 2011) "The lodestar figure is calculated by multiplying the number of hours the prevailing party reasonably expended on the litigation (as supported by adequate documentation) by a reasonable hourly rate for the region and for the experience of the lawyer." Id. "Because the benefit to the class is easily quantified in common-fund settlements," courts can "award attorneys a percentage of the common fund in lieu of the often more time-consuming task of calculating the lodestar." Id. "Applying this calculation

1    method, courts typically calculate 25% of the fund as the 'benchmark' for a reasonable fee award,
2    providing adequate explanation in the record of any 'special circumstances' justifying a
3    departure." Id. (quoting Six Mexican Workers v. Ariz. Citrus Growers, 904 F.2d 1301, 1311 (9th
4    Cir. 1990)).

5    "Even though a district court has discretion to choose how it calculates fees . . . it 'abuses
6    that 'discretion when it uses a mechanical or formulaic approach that results in an unreasonable
7    reward.'" In re Bluetooth, 654 F.3d at 944 (quoting In re Mercury Interactive Corp., 618 F.3d 998,
8    992 (9th Cir. 2010)). "Thus, even though the lodestar method may be a perfectly appropriate
9    method of fee calculation," the Ninth Circuit has "also encouraged courts to guard against an
10   unreasonable result by cross-checking their calculations against a second method." In re
11   Bluetooth, 654 F.3d at 944.

### B. Expenses

An attorney is entitled to "recover as part of the award of attorney's fees those out-of-pocket expenses that "would normally be charged to a fee paying client." Harris v. Marhoefer, 24 F.3d 16, 19 (9th Cir. 1994) (quoting Chalmers v. City of Los Angeles, 796 F.2d 1205, 1216 n. 7 (9th Cir.1986)). See also S.E.C. v. Sunwest Mgmt., Inc., 524 F. App'x 365, 368 (9th Cir. 2013) (unpublished) (applying Harris's rule to an award of attorney's fees in a class action).

### C. Incentive Award

"Incentive awards are discretionary, . . . and are intended to compensate class representatives for work done on behalf of the class, to make up for financial or reputational risk undertaken in bringing the action, and, sometimes, to recognize their willingness to act as a private attorney general." Rodriguez v. W. Publ'g Corp., 563 F.3d 948, 958-59 (9th Cir. 2009) (internal citation omitted). "[D]istrict courts must be vigilant in scrutinizing all incentive awards to determine whether they destroy the adequacy of the class representatives." Radcliffe v. Experian Information Solutions, Inc., 715 F.3d 1157, 1165 (9th Cir. 2013).

"Courts may consider the following criteria in determining whether to provide incentive awards: '(1) the risk to the class representative in commencing suit, both financial and otherwise; (2) the notoriety and personal difficulties encountered by the class representative; (3) the amount

1  of time and effort spent by the class representative; (4) the duration of the litigation; and (5) the
2  personal benefit (or lack thereof) enjoyed by the class representative as a result of the litigation.'"
3  Walsh v. Kindred Healthcare, No. 11-cv-00050-JSW, 2013 WL 6623224, at *4 (N.D. Cal. Dec.
4  16, 2013) (quoting Van Vranken v. Atlantic Richfield Co., 901 F.Supp. 294, 299 (N.D. Cal.
5  1995)).

**III.  ANALYSIS**

   **A.  Attorney's Fees**

The Settlement Fund achieved in this action is $95,000. Applying the standard 25% benchmark would result in a $23,750 award. Plaintiff requests $30,000. The Court therefore "cross-check[s]" the rate-of-recovery calculation against the lodestar figure, and considers whether there are sufficient "special circumstances" that justify deviating from an award of $23,750, which would be presumptively reasonable. In re Bluetooth, 654 F.3d at 942, 944.

The Court assumes for purposes of this motion that Plaintiff is correct in calculating Class Counsel's lodestar: $127,350. Declaration of Parker D. Young ("Young Decl.") ¶ 19, ECF No. 69. This figure is higher than the Settlement Award because, as Plaintiff acknowledges, after discovery it became clear that the "total in dispute was far less than initially anticipated" when Class Counsel began investigating the case. Motion 13:27-28.

Plaintiff relies heavily on Vincent v. Hughes Air West, Inc., as supporting an award closer to lodestar since "[t]he common fund doctrine provides that a private plaintiff, or his attorney, whose efforts create, discover, increase or preserve a fund to which others also have a claim is entitled to recover from the fund the costs of his litigation, including attorneys' fees." 557 F.2d 759, 769 (9th Cir. 1977). More recent Ninth Circuit authority, however, has come close to establishing the presumptive adequacy of the 25% benchmark in common-fund cases, absent special considerations. See Six Mexican Workers, 904 F.2d at 1311 (citing Paul, Johnson, Alston & Hunt v. Graulty, 886 F.2d 268, 272 (9th Cir. 1989) ("[i]n Graulty, we established 25 percent of the fund as the "benchmark" award that should be given in common fund cases"); see also In re Bluetooth, 654 F.3d at 944.

Plaintiff also relies on Vizcaino v. Microsoft Corp. for the proposition that courts compare

3

awards to the range of fees awarded in settlements of comparable size. 290 F.3d 1043, 1050, n. 4 (9th Cir. 2002). From this, Plaintiff argues that if "this were a non-representative litigation, the customary fee arrangement would have been contingent, on a percentage basis, and in the range of thirty to forty percent of the recovery." Motion 11:16-18. But Vizcaino, in distinguishing the approach of the Seventh Circuit, actually rejected this exact argument:

> The Seventh Circuit's effort to construct a market for such cases by determining what counsel "would have received had they handled a similar suit on a contingent fee basis, with a similar outcome, for a paying client" seems to us an unhelpful measure in many cases, and certainly an inappropriate measure to apply to all cases. Unlike commercial litigation where the fee is determined by application of the negotiated contingency percentage to the amount of the recovery, in class action litigation the fee is determined on the basis of what a court finds to be reasonable. An attempt to "estimate the terms of the contract that private plaintiffs would have negotiated with their lawyers [] had bargaining occurred at the outset of the case" strikes us as entirely illusory and speculative.

290 F.3d 1043, 1049-50 (9th Cir. 2002) (internal citations omitted).

The strength of Plaintiff's case therefore hinges on the presence or absence of "special considerations" justifying an adjustment of the award in Class Counsel's favor. Primarily, Plaintiff argues that Class Counsel took the case on contingency, and that their lodestar turned out to be significantly higher than the Class's actual recovery. That contingency fee litigation doesn't always result in a recovery as large as plaintiff's counsel originally estimated is not a "special consideration" – it's the nature of the beast. Sometimes the recovery turns out to be lower than expected, or even non-existent; sometimes the recovery the turns out to be substantial or even enormous.[1] Just as the Court would not deprive Class Counsel of all of their potential profit in cases in the latter category, it cannot insulate Class Counsel from the risk of pursuing an unprofitable case.

Plaintiff also argues that Class Counsel achieved an excellent result for the Class, citing

---

[1] The Court does not mean to say that there can never be special circumstances in a case with a low dollar recovery. For example, the litigation of a case might confer a non-monetary benefit on the class that provides the basis for a fee award, or the enhancement of a fee award. But this is not such a case.

4

1  Hensley v. Eckerhart, 461 U.S. 424, 436 (1983) ("the most critical factor is the degree of success
2  obtained"); see also In re Bluetooth, 654 F.3d at 942 (citing Hensley approvingly for the
3  proposition that "foremost among these considerations . . . is the benefit obtained for the class").
4  In these passages, both Hensley and Bluetooth were discussing the standards applicable to non-
5  common-fund recoveries.  As previously discussed, a common-fund recovery invokes somewhat
6  different principles.  In any case, while the Court agrees that the Settlement Award is fair and
7  reasonable in light of the amount in dispute, it cannot conclude that the relatively small amount
8  each Class Member will receive constitutes such a significant degree of success as to justify
9  adjustment in Class Counsel's favor.

   Plaintiff cites cases in which district courts have adjusted an award in Class Counsel's
favor because of Class Counsel's skill and the quality of opposing counsel.  Motion 13:14-25
(citing In re Heritage Bond Litig., No. 02-ML-1475-DT, 2005 WL 1594403, at *38 (C.D. Cal.
June 10, 2005) and In re Equity Funding Corp. Sec. Litig., 438 F. Supp. 1303, 1337 (C.D. Cal.
1977).  Heritage was a securities action involving "highly complex issues," which "involved
numerous bonds offered over a course of several years . . . a multitude of plaintiffs and over forty
defendants," and litigation "marked by constant and varied motion practice."  2005 WL 1594403,
at *1, *20-21.  The litigation of this case was considerably more straightforward.  The Court
agrees that both counsel displayed skill and experience in conducting the litigation, but not to a
degree deserving of unusual consideration.

   Finally, Plaintiff argues that "even once the relative size of the Disputed Fees to Class
Counsel's investment was discovered, Class Counsel stayed the course."  Motion 13:9-10.
Continuing to represent a client and advance her interests is a basic responsibility of counsel, not a
special circumstance deserving of enhanced compensation.

   A Class Counsel Award in the amount of $23,750 is reasonable.

   **B.   Expenses**

   The Court has reviewed Class Counsel's list of expenses, for computer research, travel to
hearings, long-distance phone calls, and costs for copying and printing.  Young Decl. ¶ 20 & Exh.
C thereto.  They appear to be the sort of expenses typically charged to paying clients, and are not

excessive in amount.

### C. Incentive Compensation Award to Plaintiff Keirsey

The Court finds that the proposed $500 enhancement award to Plaintiff Keirsey is reasonable. Unlike Radcliffe, 715 F.3d at 1165, Keirsey's agreement to settle is not contingent on her receiving the award, and there is no apparent danger that the award will destroy the cohesion of the class or the adequacy of her representation. Keirsey spent a substantial amount of time participating in this litigation. See Young Decl. ¶ 18. While she has not demonstrated that she incurred any significant risk or personal difficulties in bringing suit, the modest enhancement award requested is appropriate to compensate her for the amount of time and effort spent during the duration of the litigation, especially in light of the relatively small award she will receive directly through the class settlement itself.

## IV. CONCLUSION

For the foregoing reasons, the Court hereby ORDERS as follows:

1. The Court, for purposes of this Order, adopts the definitions set forth in the Settlement;

2. Class Counsel are hereby awarded attorneys' fees in the amount of $23,750, and reimbursement of expenses in the amount of $3,289.02, plus any reasonable expenses incurred by Class Counsel after November 30, 2013. This fee and expense award shall be paid by the settlement administrator out of the Settlement Fund to Class Counsel within five (5) days after the Effective Date.

3. Class Representative Tasha Keirsey is awarded an incentive compensation award in the amount of $500. This award shall be paid by the settlement administrator out of the Settlement Fund to Class Counsel, on behalf of the Class Representative, within five (5) days after the Effective Date.

4. The Court finds in the exercise of its discretion that the fee and expense award and incentive compensation award to be fair and reasonable. The Court finds that Class Representative and Class Counsel have demonstrated that: (i) the results obtained in light of the relevant circumstances of this action support the fee award; (ii) the economics of the prosecution of this

1  action and the experience of Class Counsel support the fee award; (iii) the fee award is
2  substantially similar to fees approved in similar cases; and (iv) the time and labor required by
3  Representative Plaintiffs and the Class Counsel is consistent with the fee award and incentive
4  compensation awards.

**IT IS SO ORDERED.**

Dated: February 18, 2014

_____
JON S. TIGAR
United States District Judge